ZACHARIAH CHANDLER v. NATHAN JOBE and T. M. BRANDON.

SALE OF LAND. *By sheriff.* *Transfer of bid.* *Caveat emptor.* In the absence of a guaranty or express contract for recourse, an assignee of a bid for land at a sheriff's sale, has no recourse against the assignor in case of failure of title.

FROM WASHINGTON.

Appeal from the Chancery Court at Jonesboro. H. C. SMITH, Ch.

J. G. DEADERICK for complainant.

S. J. KIRKPATRICK and E. C. DOSSER for defendants.

McFARLAND, J., delivered the opinion of the court.

The bill charges in substance that T. M. Brandon obtained a judgment before a justice of the peace against Nathan Jobe and one Burke for $60 and costs; had execution issued and levied upon a tract of land of Jobe, which, after condemnation, was sold and purchased by Brandon for $53.58, of which sum he paid to the sheriff $13.25 costs, and credited the remainder on his judgment. The sale was made on the 22d of October, 1866. Jobe failing to redeem the land, the said Brandon, on the 24th of October, 1874, transferred to complainant, for a valuable consideration, his interest in the judgment and in the land purchased—

making the transfer on the execution docket of the circuit court. The bill charges that the sale was regular and valid, but that no sheriff's deed had ever been made to him. Jobe and Brandon are made defendants. The specific relief prayed for is, that all the title, legal or equitable, that either Jobe or Brandon may have in the land be divested out of them and vested in complainant, with an account of rents against Jobe and a writ of possession. The bill also prays for general relief.

Jobe filed a plea in bar, showing that on the 23d of January, 1871, he filed his bill against complainant and others, and had a final decree in his favor, adjudging the title to said land in him, and that said decree remains in full force.

Brandon made no defense. The bill was filed the 18th of November, 1874. On the 28th of May, 1879, the cause was heard and all relief against Jobe denied, but judgment *pro confesso* having been taken against Brandon, the chancellor rendered a decree against him in favor of complainant, for $53.58 and interest from the 22d of October, 1866, and the costs except the costs as to Jobe. At the same time Brandon appeared and moved the court to set aside the judgment *pro confesso* against him and permit him to answer, supporting his motion by an affidavit showing that he had been led to believe that no relief was sought against him, and that he was only a nominal defendant, and denying that he was liable to complainant for the amount of the decree rendered. The chancellor denied the motion and Brandon has appealed.

The application to set aside the judgment *pro con-
fesso* was a matter within the discretion of the chan-
cellor, and we would perhaps not be authorized, under
the facts, to disturb his action.　But the question is,
whether, even with a judgment *pro confesso,* the bill
makes a case authorizing the decree rendered.　The
language of the decree is, that " complainant recover of
defendant, Thomas M. Brandon, the amount of the
*balance* of the judgment against said Nathan Jobe in
the bill described, and which was by said Brandon
assigned to complainant, which said balance was, on
the 23d of October, 1866, $53.58 ; " and that com-
plainant recover the further sum of $40.51 interest, etc.
Precisely what this means is not clear.　The judgment
of the justice was, as is alleged in the bill, for $60
and costs.　Brandon bought the land at the execution
sale, the 22d of October, 1866, for $53.58, paid out
of this $13.25 costs, and credited the remainder, which
would be $40.33, on his judgment.　The decree is,
that complainant recover of Brandon the *balance* of
said judgment, $53.58, with interest from the 22d of
October, 1866.　This was in reality the sum for which
on that day Brandon bid off the land, and not the
*balance* of the judgment.　But does the bill make a
case for a decree against Brandon for that or any
other sum?　Its allegations on this subject are as
follows : " Your orator further states that the said
Nathan Jobe has never redeemed said land so sold as
aforesaid, and that heretofore, to-wit, on the 24th day
of October, 1870, the said T. M. Brandon, on the
execution docket of said circuit court for said Wash-

38—VOL. 5.

ington county, transferred to him all his (the said Brandon's) rights in, to and under said judgment, for a valuable consideration then paid to the said T. M. Brandon by your orator. This transfer was not probably as full as it should have been, but the object and intent of the said T. M. Brandon was to substitute your orator to all his rights in and to said land acquired by his said purchase, for and in consideration of the sum theretofore paid him by your orator, and an equitable view of the said transfer as it appears on said docket shows this; and said transfer would have shown this more fully, but your orator being an illiterate man and unable to read or even write his name, thought that the assignment as there made was amply sufficient to substitute him to all the rights of said T. M. Brandon in the premises as the said Brandon agreed to do, and he trusted to him to make the proper transfer, and he paid him the money for that purpose." In another place the bill says: "Said Brandon in assigning to him (complainant) as aforesaid his interest in said judgment, intended and really did assign him in equity his interest in said sixty acre tract of land," etc. This is all that is material to the point. The assignment referred to is not in the record.

If complainant claims to be the owner of the *balance* of the justice's judgment, after crediting the amount satisfied by the purchase of the land by Brandon, his remedy would be to proceed by execution to collect this balance from Jobe and Burke. No ground is alleged for recourse upon Brandon; it is not al-

leged that he guaranteed the amount, or even that Jobe and Burke are insolvent. The balance was not $53.58, but only a little more than $20. But taking the assumption of the bill, that by the assignment complainant was substituted to Brandon's rights under his purchase of the land, what are his rights? He would have the right to procure the title to this land, that is, to take Brandon's shoes as to the purchase. But if the title failed, in the absence of an express contract, he would have no recourse on Brandon.

If complainant had himself been the bidder at the sheriff's sale, the rule *caveat emptor* would have applied to him; and if the title failed, he would have had no recourse on Brandon, the execution creditor. The allegations of the bill are in substance, that Brandon assigned complainant his bid, substituting him to his (Brandon's) rights as purchaser of the land, so that complainant stands as if he bid off the land in the first instance, and the rule *caveat emptor* applies to him. He does not charge that there was warranty of title, or agreement upon the part of Brandon to return the amounts paid. Again, if in any view complainant could have recourse upon Brandon, it would be for the amount he paid Brandon for the purchase of his bid or interest in the judgment, with interest from the day it was paid. But the bill fails to show what sum complainant paid Brandon. Brandon bid off the land for $53.58, but how much complainant paid Brandon is not stated; the bill only says complainant paid him a valuable consideration.

If complainant has any remedy, we suppose it is

to proceed, under the provisions of our statutes, to have the satisfaction of the judgment set aside upon the ground that Jobe has recovered the land sold, and to revive the judgment against him for complainant's benefit; but we think the decree against Brandon is erroneous. It will, therefore, be reversed and the bill dismissed at complainant's cost.