Sullivan,
No. 4281.

FLORENCE M. CLARK, *Adm'x v.* HELENA C. BRADSTREET.

Argued March 3, 1954.

Decided May 4, 1954.

*Leahy & Denault (Mr. Leahy orally)*, for the plaintiff.

*Jean L. Blais (Mr. Blais orally)*, specially for the defendant.

LAMPRON, J. The main issue for our decision is whether there was proper service on the defendant of the writ in this action.

The plaintiff maintains there was and gives the following bases for her position. The writ set up the defendant as a nonresident

or of unknown residence. The sheriff attached her real estate in this state and made a return of *non est inventus*. The action was therefore properly entered under the provisions of P. L., c. 331, s. 8, and notice by publication (s. 9) constituted sufficient service on the defendant. *Therrien* v. *Scammon*, 87 N. H. 214, 215.

The defendant contends that because she was a resident of New Hampshire, a fact which she says she should be permitted to prove, service upon her was not governed by said sections 8 and 9 which pertain to service on a nonresident defendant but rather by section 2 of said chapter 331 which provides for service of writs by giving an attested copy thereof to the defendant or leaving it at her abode, neither of which was done in this case. *Rainford* v. *Newport*, 83 N. H. 465.

This brings up the question of whether the defendant is to be permitted to offer evidence that she was a resident of Coos county at the time in contradiction of the sheriff's return to the effect that he has made diligent search and has not found the defendant within his county.

There is a considerable difference of judicial opinion in our country as to the conclusiveness of a sheriff's return. 42 Am. Jur. 110; 72 C.J.S. 1140. However it has long been the law in New Hampshire that between the parties to a suit and those claiming under them the return of the sheriff of matters material to be returned is so far conclusive evidence, that it cannot be contradicted for the purpose of invalidating the sheriff's proceeding or defeating any right acquired under them. *Lewis* v. *Blair*, 1 N. H. 68; *Brown* v. *Davis*, 9 N. H. 76; *Burney* v. *Hodgdon*, 66 N. H. 338; *Therrien* v. *Scammon, supra.*

"The object of the rule was to protect the proceedings of the sheriff, and the reason of it was the extreme inconvenience that must result from suffering the proceedings of the sheriff to be invalidated by calling in question the truth of his return. If the sheriff's return might thus be invalidated 'much mischief to parties would result from it, and much uncertainty in judicial proceedings would be the consequence.' " *Lewis* v. *Blair, supra*, 70. We think those considerations are as important today as they were then.

There being a *non est inventus* return in this case any evidence that defendant was to be found in Coos county at the time would be in direct contradiction of the return (*Cf. Wendell* v. *Mugridge*, 19 N. H. 109, 113; *Martin* v. *Wiggin*, 67 N. H. 196, 197) and

would have the necessary consequence of invalidating the sheriff's proceedings and defeating rights acquired by the plaintiff under them. Such evidence was properly excluded. *Brown* v. *Davis, supra; Bank* v. *Company,* 70 N. H. 227, 228; *Goodwin* v. *Goldberg,* 85 N. H. 548.

The plaintiff has taken the position that the only issue involved is whether there was proper service on the defendant. The latter having appeared specially must limit herself to that issue for if she submits any other question to the Court she will waive any jurisdictional defect (*Maryland Casualty Co.* v. *Martin,* 88 N. H. 346, 347, 348; *Lyford* v. *Academy,* 97 N. H. 167, 168) and become subject to a judgment *in personam* (31 Am. Jur. 401) in case of a verdict against her.

Evidence that the defendant was never served with and never saw a copy of the writ was immaterial on the issue of jurisdiction and should have been excluded. It would be material on the question of whether the default should be stricken and the defendant permitted to present a defense on the merits. "It is a fundamental principle of the law, that judgment ought not to go against a party without an opportunity to make defense." *Clough* v. *Moore,* 63 N. H. 111, 112. If the defendant did not receive actual notice, has a defense (Rule 8, 94 N. H. Appendix) and is not at fault it would be a question of fact to be determined by the Trial Court after hearing (see *DiPietro* v. *Lavigne,* 98 N. H. 294) whether such relief should be granted. *Clough* v. *Moore, supra; Lamarre* v. *Lamarre,* 84 N. H. 441, 445; *Lancaster Nat. Bank* v. *Whitefield &c. Trust Co.,* 92 N. H. 337, 339.

Plaintiff's exceptions are therefore sustained, defendant's overruled and our answers to the questions transferred without a ruling are no to the first and yes to the second, unless the defendant chooses to enter a general appearance and seek equitable relief.

*Remanded.*

DUNCAN, J., did not sit: the others concurred.