CLAYTON BRASHEARS, Complainant-Appellee,

*v.*

JAMES M. HARTSOOK, Defendant-Appellant.

450 S.W.2d 7.

(*Knoxville*, September Term, 1969.)

Opinion filed December 30, 1969.

Roberts & Deatherage, Kingston, Edwin H. Arnold, Loudon, for complainant-appellee.

LOCKETT, SLOVIS & WEAVER, Knoxville, for defendant-appellant.

MR. SPECIAL JUSTICE C. HOWARD BOZEMAN delivered the opinion of the Court.

Appellee in this case, Clayton Brashears, obtained a Judgment for $1,900.00 in General Sessions Court against Appellant, James Hartsook, on November 23, 1962. This Judgment was appealed, and was affirmed by the Circuit Court on October 26, 1964, on the default of Hartsook. The Circuit Court Judgment provided interest from the date of the General Sessions Judgment. An Execution issued upon this Judgment was returned nulla bona.

On April 8, 1969, Hartsook obtained a Circuit Court Judgment against a third party for $3,580.64. Brashears then instituted this suit, filing a Bill in Chancery Court,

alleging the above facts and seeking to enjoin Hartsook from "selling, assigning, transferring or in any manner disposing of any funds coming into his hands from the Circuit Court of Loudon County, Tennessee, and (praying that he) be enjoined to deliver the same to the Receiver to be appointed in this cause." The Injunction was issued as prayed for, and process served on Hartsook on April 23, 1969.

On May 3, 1969, the third party Circuit Court Judgment was paid to Hartsook by means of a check sent to his attorneys and made payable to Hartsook and those attorneys. This check was negotiated on April 16, 1969, and the sum of $1,868.68 deposited with the appointed Receiver in this cause, the balance of the third party Judgment being retained by Hartsook's attorneys as fees.

Prior to the negotiation of the check, on May 8, 1969, Hartsook having failed to answer in the Chancery cause, a pro confesso was entered against him.

On May 19, 1969, without moving to set aside the pro confesso, Hartsook filed a Motion to dismiss the Original Bill and dissolve the Injunction. Brashears then moved to strike this Motion on the ground, among others, that Hartsook was in contempt for failing first to have the pro confesso set aside.

Hartsook then filed an answer, and an affidavit by his attorney giving reasons in excuse of the failure to answer and why the pro confesso should be set aside. The answer substantially admitted all of the allegations of the Original Bill, but asserted that they would not support the relief prayed for. The Affidavit stated that Brashears' attorneys knew that attorneys for Hartsook were representing him in the Chancery cause, that Hartsook's attor-

neys "relied upon the salutory custom and practice of attorneys and solicitors in this area of giving notice to adverse counsel prior to the filing of an order pro confesso," and that Brashears' attorneys failed to give that notice.

On hearing by the Chancellor, upon the Original Bill, the pro confesso, and an oral Motion by Hartsook to set aside the pro confesso, a Decree was rendered for Brashears. The Chancellor refused to set aside the pro confesso finding that Brashears' attorneys were unaware that Hartsook was represented by counsel until after entry of the pro confesso and that in any event Hartsook and his attorneys were bound to keep themselves informed of the status of the lawsuit. The Chancellor found that although the entire third party Judgment was not paid to the Receiver, Brashears was willing to accept the amount paid, and decreed that that amount, less a Receiver's fee, should be paid over to Brashears in partial satisfaction of his Judgment against Hartsook. It was further found that the Judgment provided interest from November 23, 1962, and was worth $2,778.81, Brashears being left to other remedies for the balance.

Hartsook prayed for, and was granted, an appeal to this Court, assigning as errors the following:

"1. It was an abuse of discretion, and therefore error, for the chancellor to deny the motion to set aside the pro confesso.

"2. It was error for the chancellor to decree that the complainant, a judgment creditor, was entitled to satisfy his judgment from a fund of money that had been taken from the personal possession of the defendant; notwithstanding that the bill was confessed.

"3. It was error for the chancellor to award interest on the judgment for the period of time during which the judgment was on appeal from the general sessions court."

Appellants Brief, Pp. 4-5

█ █ We need spend very little time disposing of the first Assignment of Error. Our cases are clear that the granting or refusing of a Motion to set aside a pro confesso is a matter within the sound discretion of the Chancellor, and his actions will not be disturbed on appeal except in extraordinary cases: *Buchanan v. McManus,* 22 Tenn. 449 (1842); *Chandler v. Jobe,* 73 Tenn. 591, 593 (1880); Gibson's Suits in Chancery sec. 214 n. 23. We are unable to say, on review of the record, that the Chancellor abused his discretion in this case. Moreover, as we will discuss below, in our view of the case the setting aside of the pro confesso would avail the Appellant nothing.

█ █ Appellant Hartsook, in his second Assignment of Error, contends that notwithstanding the pro confesso, he may assert that the allegations of the Bill do not support the relief prayed for. With this we must agree. The entry of an Order pro confesso simply has the effect of an Answer admitting the allegations of the Bill to be true. T.C.A. 21-502; *Allen v. Neal,* 217 Tenn. 181, 296 S.W.2d 344 (1965); *Emory v. City of Knoxville,* 214 Tenn. 228, 379 S.W.2d 753 (1964); *Cowan, McClung & Co. v. Wells,* 73 Tenn. 682 (1880); Gibson's Suits in Chancery sec. 213. It is in no way an admission of legal conclusions or matters of law and does not prevent an appeal from a decree taken on pro confesso. *Gamble v. Waters,*

197 Tenn. 470, 274 S.W.2d 3 (1954); *Barrow v. Barrow,* 4 Tenn.Civ.App. 338 (1913).

Appellee's theory in this regard appears to be that never having obtained leave of Court to file an Answer—and clearly this could not be done unless the pro confesso were set aside—Appellant was in contempt of Court when filing his Motion to Dismiss and Answer, and thus never properly presented his objections to the Bill to the Chancellor. Since the Chancellor then never ruled on Appellant's objections, it is asserted, there is no error to be considered by the Courts and the Chancellor's Decree must be affirmed. This proposition is derived from the following language used by the Court of Appeals in *Williams v. Williams,* 25 Tenn.App. 290, 156 S.W.2d 363, 370 (1941):

"At the outset a pro confesso was taken against the defendant, Myrtle Williams, but it seems she ignored the pro confesso and filed an answer without having the pro confesso set aside. Under such circumstances the defendant is in contempt and has no right to be heard as to any matter arising out of the allegations of the bill. She can, ordinarily, be heard for one purpose only and that is on a motion to have the pro confesso and proceedings based thereon set aside."

The language is not in point here. There is no question concerning Appellant's being heard as to the *allegations* of the Bill; they were established as true by the pro confesso. What Appellant is disputing is the legal sufficiency of those allegations to support the relief awarded by the Chancellor. For this purpose Appellant can most certainly be heard, and, since none of his pleadings in the Court below controverted the allegations of

the Bill, Appellant should not have been held in contempt on that ground.

■ To allow Appellant to raise the issue is not, however, to decide it in his favor. His sole objection is that the Injunction issued in this case was the equivalent of levying on money in the pockets of the judgment debtor, a procedure long held impermissible by our Court. *Carmack v. Nichols*, 181 Tenn. 551, 181 S.W.2d 977, 154 A.L.R. 752 (1944).

While Appellee disputes that this rule, concerned with levy of execution at law, applies as well to procedures in equity such as the one at present, in our view this question does not arise. Factually, the instant case is readily distinguishable from that of levying on money in the judgment debtor's possession. In the instant case the execution was issued *prior* to possession of the money by the judgment debtor.

The reasoning underlying the law rule was stated by this Court in *Carmack v. Nichols*, 181 Tenn. 551, 181 S.W.2d 977, 154 A.L.R. 752 (1944):

"Such a taking would lead to breaches of the peace and physical conflicts and the violation of constitutional rights not permissible in the enforcement of civil process." 181 Tenn. at 562, 181 S.W.2d at 981.

Under the facts in the instant case, no such taking occurred. If the Injunction issued strictly had been complied with, the money paid by the Circuit Court Clerk would never have been in Appellants "pockets" at all; the Injunction rather compelled Appellant to take possession of the funds only for the limited purpose of conveying them to the appointed Receiver. We do not see

that such a procedure invites in any manner breaches of the peace or other improper conduct.

We point out that the procedure which we approve in this case can find application in few, if any, other factual situations. Here the Appellee was precluded from use of garnishment proceedings because the judgment funds, held by the Circuit Court Clerk, were in *custodia legis*. *Scott County National Bank v. Robinson*, 143 Tenn. 356, 226 S.W. 218. The funds themselves were not exempt, but since once in the possession of the Appellant they could not be levied on at law, *Carmack v. Nichols*, Supra, Appellee's only recourse was to bring a Bill in Chancery Court, as he did, to compel the transfer of the funds to the Receiver. Where the judgment creditor has an adequate remedy at law by way of garnishment, or the property sought to be reached is itself exempt, no such remedy would of course be available.

As to the third Assignment of Error, we find no merit. The effect of the pro confesso was to admit the Appellee's allegation that he had a judgment against Appellant providing interest from November 23, 1962. Even should the pro confesso have been set aside, the Answer filed by Appellant admitted that allegation. Appellant's only argument is one directed to the propriety of the Circuit Judge in rendering that judgment, and it is elementary to say that if that question were to be raised, it must have been done by appeal in that case. So far as the record shows, no such appeal was taken, and in the cause neither the Chancellor below nor the Court has any power to review that judgment.

In summary, equity in the facts of this case requires that the funds in the hands of the Receiver be first

applied to the Court Costs in this cause, Receiver's fees allowed by the Trial Court and the balance to the Appellee judgment creditor, to be credited against the sum due him from the Appellant as determined herein.

DYER, CHIEF JUSTICE, CRESON, and McCANLESS, JUSTICES, and ERBY L. JENKINS, SPECIAL JUSTICE, concur.