Rockingham
No. 78-148

WILLIAM KENNEDY

v.

ROBERT SHAW *& a.*

February 28, 1979

*Hall, Morse, Gallagher, & Anderson,* of Concord (*G. Wells Anderson* orally), for the plaintiff.

*Robert Shaw,* of Exeter (*Norman C. Gile* orally), for the defendant.

LAMPRON, C.J.   This case is a bill in equity seeking diverse relief arising out of certain transactions between the parties. At a hearing, the Trial Court (*Goode,* J.) considered as confessed, under Superior

Court Rule 222, RSA 491:App. R. 222 (Supp. 1977), the plaintiff's amendment to his bill seeking the discharge of two mortgages hereinafter described, and decreed the relief sought. The defendant excepted to the court's entering the final decree without allowing him to submit a defense. Defendant's exceptions were transferred. We uphold the action of the trial court.

The plaintiff's bill sought an accounting and requested the court to impose a constructive trust on monies that were obtained by the defendant Shaw, who was the plaintiff's attorney, in the foreclosure sale of business and personal property that was once owned by the plaintiff. The bill also sought to discharge numerous mortgages that the defendant held on business and personal property of the plaintiff.

While the bill in equity was pending, the plaintiff filed a motion in the superior court requesting that the court order the defendant to execute a subordination agreement on a second mortgage that was held by the defendant on the plaintiff's personal residence. The plaintiff filed an additional motion requesting that his wife, Carol Kennedy, be added as a party plaintiff to the original bill, and that he be permitted to add a second count to the original bill. This second count, pursuant to RSA 479:10, requested a discharge of mortgages on the plaintiff's personal and business property that was held by defendant's secretary, who was his straw party in the transactions. The defendant failed to object to this motion, so it was granted. In addition, the defendant failed to answer the allegations set forth in the plaintiff's added count, so it was ordered confessed on December 1, 1978, pursuant to Superior Court Rule 222.

On January 3, 1978, a hearing in superior court was held on the plaintiff's motion to compel the defendant to subordinate his second mortgage. At the close of the plaintiff's case, his counsel moved that the confessed count, the petition for discharge of the two mortgages, be brought forth for disposition. Plaintiff's counsel requested that the court grant the petition to discharge the mortgages rather than the motion to subordinate previously sought, arguing that the mortgage discharge would provide more complete relief than would subordination. The defendant, who was representing himself, excepted to the bringing forth of this count. He argued that he was unfamiliar with the confessed count and that it would be a "miscarriage of justice" to grant the relief requested by the plaintiff. Two days after the hearing, without leave of court, the defendant filed an answer to the count that had been ordered confessed.

On January 9, 1978, the trial court issued its findings and rulings. The court "overruled" defendant's late answer, and considered the second count as confessed. Accordingly, the relief that was requested in the plaintiff's amended bill was granted and it was decreed that the two notes and the two mortgages securing them be discharged. The first is a mortgage by William R. Kennedy, Carol Kennedy, and Kennedy's Restaurant to Elizabeth Kudaruska dated December 22, 1969, and recorded in volume 1999, page 148 of the Rockingham County Registry of Deeds. The second is a mortgage from William Kennedy and Carol Kennedy to Elizabeth Kudaruska dated April 6, 1971 and recorded in volume 2062, page 478 of the same registry.

The defendant challenges the trial court's issuance of the final decree, which discharged the mortgages. Although the defendant, admits that he failed to answer in timely fashion the amended bill, he asserts that it was an abuse of discretion for the trial judge not to permit his late answer and to refuse to set aside the confessed pleading. Consequently, he argues that the final decree should be set aside by this court.

A defendant must answer an amended equity bill within ten days after it is filed and delivered to the defendant's attorney, SUPER. CT. R. 222; RSA 491:App. R. 222 (Supp. 1977). If the defendant fails to answer within the prescribed time period, the amended bill shall be taken as confessed. *Id.* A court's order declaring the confession is called a judgment or decree *pro confesso*. *See* H. GIBSON, SUITS IN CHANCERY § 205 (1916); 27 AM. JUR. 2d *Equity* § 221 (1966). The decree *pro confesso* is an interlocutory order, and may be entered as soon as the default appears. SUPER. CT. R. 216; RSA 491:App. R. 216 (Supp. 1977); *see* H. GIBSON, *supra* § 207. The decree being interlocutory, the court may set it aside and permit the defendant to file a response to its unanswered pleading. "The law makes the difficulty of setting aside the *pro confesso* somewhat proportionate to the negligence of the defendant." H. GIBSON, *supra* § 207. In all cases the trial court has discretion to grant or refuse to set aside the *pro confesso*, and its decision will be reviewed only for an abuse of such discretion. *See Brashears v. Hartsook*, 224 Tenn. 36, 41, 450 S.W.2d 7, 9 (1969); 7 MASSACHUSETTS PRACTICE, EQUITY PLEADING AND PRACTICE § 590 (1959). The defendant was an attorney and represented himself through the entire proceeding. He presented his excuses why he did not answer the amended bill to the trial court. The court refused to accept his reasons as meritorious, and did not permit him to file a late answer. The defendant has not presented any reasons to this court that

would justify his failure to respond in a timely manner to the required pleadings. Accordingly, we hold that the court acted within its discretion in refusing to set aside the *pro confesso*.

When the plaintiff moved for disposition of the confessed count, the defendant vehemently objected on the ground that he had insufficient time to prepare a defense. Defendant's objection is misplaced; he misconstrues the purpose of a *pro confesso*. "The defendant permitting the bill to be taken *pro confesso* admits all the facts well pleaded in the bill of complaint. He loses his right to be further heard as to such facts. . . ." 7 MASSACHUSETTS PRACTICE, *supra* § 588. In other words, after the *pro confesso* had been ordered, the defendant had no right to offer a defense to the facts contained in the confessed bill. His exception must therefore be overruled.

After the final decree, the only option left to the defendant was to except to the decree on the grounds that the allegations in the confessed bill failed to state a cause for relief. *See Collier v. Collier*, 274 Ala. 131, 145 So. 2d 821 (1962); 27 AM. JUR. 2d *Equity* § 222 (1966). Defendant, however, did not argue this point. Even if he had so argued he would not prevail. The facts as alleged in the plaintiff's amended bill provided sufficient grounds upon which the trial court could enter a decree discharging the mortgages that were held in the name of Elizabeth Kudaruska. The court's decree ordering the discharge of the two notes and the two mortgages securing them, described above, is affirmed.

*Exceptions overruled.*

All concurred.