Rockingham
No. 81-447

KAREN BRODOWSKI

v.

NATHAN SUPOWITZ & a.

July 14, 1982

*Nix & Wendell*, of Manchester (*Grenville Clark, III*, on the brief), by brief for the plaintiff.

*Ralph Stein*, of Salem, by brief for the defendant Nathan Supowitz.

KING, J. The defendant Nathan Supowitz appeals the Trial Court's (*Wyman*, J.) decision denying his motion for leave to file an appearance and an answer more than two years after the return day of the bill in equity and writ filed in an action against him. We affirm.

The plaintiff, Karen Brodowski, commenced an action against the

defendants Nathan Supowitz and Edward Dudley for their alleged failure to complete contracts for real estate transactions. On July 31, 1979, the plaintiff filed a bill in equity, and on August 14, 1979, by a writ of summons, she brought an action at law. Both actions had a return day of September 4, 1979. Because the defendant Supowitz was a Massachusetts resident, the plaintiff served the New Hampshire Secretary of State with the documents pertaining to both actions on August 16, 1979. Additionally, the plaintiff sent copies of the documents by registered mail to Supowitz at his Massachusetts residence. Between that time and October 9, 1981, the actions remained pending. No trial date was scheduled; and, although Supowitz never answered, no default or decree *pro confesso* was entered against him. On October 9, 1981, counsel for Supowitz filed a motion for leave to file appearance late. The court denied his motion.

The defendant argues that because neither a default nor a decree *pro confesso* was entered against him, the trial court erred in not allowing him to enter an appearance. We disagree.

Rule 131 of the Superior Court Rules states that "[i]f the defendant . . . shall neglect to enter his appearance on the return day . . . the bill *shall be taken pro confesso*, and a decree entered accordingly." (Emphasis added.) Likewise, Rule 14 provides that "if the defendant shall neglect to enter an appearance within seven days after the return day of the writ, he *shall* be defaulted, and judgment *shall* be rendered accordingly. . . ." (Emphasis added.)

■ Because the defendant Supowitz failed to respond to either the writ or the bill, under the Superior Court Rules he was defaulted. *See Kennedy v. Shaw*, 119 N.H. 99, 101, 398 A.2d 834, 836 (1979). The fact that the plaintiff did not assert her rights to entry of a default judgment or decree did not alter the status of the actions. *See generally Tessier v. Blood*, 122 N.H. 435, 437, 446 A.2d 450, 451 (1982); *Kennedy v. Shaw*, 119 N.H. at 102, 398 A.2d at 836.

■ Because the defendant had been defaulted, the trial court, pursuant to the preface of the Superior Court Rules, had discretion in determining whether to remove the default and allow him to enter an appearance. *See D'Agincourt v. Anderson Foreign Motors, Inc.*, 119 N.H. 476, 479, 402 A.2d 1340, 1342 (1979); *Brady v. Duran*, 117 N.H. 275, 276, 372 A.2d 283, 284 (1977); *cf. American Board of Trade, Inc. v. Dun & Bradstreet, Inc.*, 122 N.H. 344, 346, 444 A.2d 550, 551 (1982). The defendant, in this case, did not allege that his failure to enter a timely appearance was "due to accident, mistake or misfortune . . . ." *See* Preface to Superior Court Rules. The trial

court, therefore, properly denied the defendant's motion for leave to file an appearance.

■ Finally, the defendant argues that no default or decree should have been entered against him because service of process was defective. We will not address the substance of this argument because by moving to file a general appearance, the defendant submitted to the jurisdiction of the court. At no time did the defendant raise the issue of defective service until this appeal. Rather, the answer which he filed in the trial court related only to the merits of the action. For that reason, we conclude that the defendant waived any argument relating to service of process. *See Clark v. Bradstreet*, 99 N.H. 55, 58, 104 A.2d 739, 741 (1954); *cf. Hutchins v. Del Rosso*, 116 N.H. 421, 424, 365 A.2d 127, 130 (1976).

*Affirmed.*

All concurred.