IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 16, 2017

## HEATHER KAILONI LAWSON (STEWART) v. MICHAEL SHERMAN STEWART

**Appeal from the Chancery Court for White County**
No. 9930     Ronald Thurman, Chancellor

_____

### No. M2016-02213-COA-R3-CV

_____

This is a post-divorce proceeding commenced by Mother to modify an existing permanent parenting plan. The trial court entered a default judgment, and then, without conducting an evidentiary hearing, adopted the parenting plan attached to Mother's petition, decreased Father's visitation time, and increased his monthly child support obligation. Father filed a motion to set aside the default judgment, which the trial court treated as a motion to alter or amend the judgment, and denied the motion. Father timely appealed. Because the trial court's order does not contain sufficient findings regarding the modification, we vacate the judgment and remand for further proceedings consistent with this Opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which BRANDON O. GIBSON and KENNY ARMSTRONG, JJ., joined.

Cindy Morgan, Sparta, Tennessee, for the appellant, Michael Stewart.

Cynthia S. Lyons, Cookeville, Tennessee, for the appellee, Heather Kailoni Lawson (Stewart).

### OPINION

#### BACKGROUND AND PROCEDURAL HISTORY

Heather Kailoni Lawson ("Mother," or "Appellee") and Michael Sherman Stewart ("Father," or "Appellant") were divorced in March 2009. Concurrent with the divorce, the trial court entered a permanent parenting plan for the parties' minor child. The plan

designated Mother as the primary residential parent, awarded Father 109 days per year of parenting time, and set Father's monthly child support obligation at $220.00.

On April 18, 2016, Mother filed a petition to modify the parties' parenting plan and attached a proposed parenting plan to the petition. Therein, Mother alleged that a modification of the current parenting plan was justified and also requested that the court grant an increase in Father's child support obligation.[1] Father was served with a copy of the petition on May 2, 2016; however, he failed to timely answer. On July 1, 2016, Mother moved the court to enter a default judgment against Father. On July 11, 2016, the trial court held a hearing on Mother's motion. Father appeared at the hearing and requested additional time to answer the petition. The trial court granted Father an extension to file an answer until July 15, 2016 at 4:00 p.m. Although Father retained an attorney on the day after the hearing, he failed to communicate to his attorney the filing deadline ordered by the trial court, and no answer was filed by the deadline. As a result, on July 29, 2016, the trial court entered a default judgment against Father, and without conducting an evidentiary hearing, adopted Mother's proposed parenting plan *in toto*, and increased Father's child support obligation.

The default order of the trial court provides, in its entirety, as follows:

1. Michael Sherman Stewart did not file an Answer to the Petition to Modify Parenting Plan by July 15th, 2016, at 4:00 p.m.

2. A Default Order is hereby entered against Michael Sherman Stewart.

3. The attached Permanent Parenting Plan is hereby approved by this Court and is incorporated into and made a part of this Order. This Parenting Plan is the same Parenting Plan that was filed with the Petition to Modify Parenting Plan on April 18th, 2016. This is the Parenting Plan that Michael Sherman Stewart was served with a copy and the same Parenting Plan that [Father] had notice would be entered against him by Default, if he did not file an Answer to the Petition to Modify.

4. The child support worksheets are attached to the Permanent Parenting Plan and are hereby incorporated into and made a part of the Permanent Parenting Plan and also a part of this Order.

5. The child support worksheets reflect fifty-five (55) days of visitation for Father and three hundred ten (310) days visitation for Mother, as set forth in the Permanent Parenting Plan filed with the Petition to Modify.

---

[1] Mother does not specifically plead that a material change in circumstances has occurred; however, she appears to base her petition on Father's failure to consistently exercise his visitation time.

6. [Father] failed to answer the Interrogatories and Request for Production of Documents filed against him in this case, Said Interrogatories and Request for Production of Documents were an attempt to obtain current income information, so that the most accurate child support worksheets could be drafted and approved by the Court. Since [Father] did not answer said interrogatories, the Court finds it is appropriate to impute the income previously set forth in the Parenting Plan and child support worksheets approved by this Court on March 6th, 2009. Said child support worksheets reflected a monthly income for Father in the amount of $1,972.45. Since the Court is using Father's income from the previous Order March 6th, 2009, the Court also finds it appropriate to use the Mother's income from said March 6th, 2009 Order. Therefore, the new child support worksheets shall also reflect Mother's income at $1,200.00 per month, as previously ordered.

7. As set forth in the Petition to Modify, Father no longer provides insurance for the minor child. Mother now provides insurance for the child and she shall be given credit on the child support worksheets for same. $318.89 shall be removed from Father's column on the child support worksheets for the child's portion of the health insurance premium. Mother shall receive a credit of $130.76 in her column for the child's portion of health insurance premium.

8. Father no longer pays child support for another child. Therefore, any credit for another child on these new child support worksheets has been removed.

9. The Father's current child support obligation shall be $483.00 per month. The Petition to Modify was filed on April 18th, 2016, therefore, Father's new child support obligation of $483.00 per month shall begin on May 1st, 2016 and shall continue to be due on the first day of each and every month thereafter.

10. Father was previously ordered to pay $220.00 per month beginning on November 1st, 2008. Father has failed to make all payments as ordered. Father should have paid $19,800.00 in child support from November 1st, 2008 to April 30th, 2016 at $220.00 per month. Father actually paid $16,193.58, representing an arrearage of $3,606.42. Father's child support obligation for May 1st, 2016 is $483.00. Father actually paid $55.00 during May 2016, representing an arrearage of $428.00.

11. Mother is granted a total judgment for child support arrears in the amount of $4,034.42, as of May 31st, 2016 ($3,606.42 for the time period of

November 1ˢᵗ, 2008 to April 30ᵗʰ, 2016, and $428.00 for May 2016). Father is ordered to pay $150.00 per month toward this child support arrearage judgment until paid in full.

12. Additionally, Father has failed to pay his portion of uncovered medical and dental expenses for the minor child. Mother is granted a judgment in the amount of $1,200.00, representing uncovered medical and dental expenses for the minor child. Father is ordered to pay $150.00 per month toward this judgment until paid in full.

On August 2, 2016, Father filed a motion to set aside the default judgment for excusable neglect and/or mistake.[2] As grounds for his motion, Father alleged that he was unrepresented on July 11, 2016; Father retained an attorney the following day but failed to effectively communicate to his attorney the urgent filing deadline of July 15, 2016.

By order of October 3, 2016, the trial court denied Father's motion, finding that Father had a sufficient opportunity to answer Mother's petition but failed to do so. Father timely appealed.

## ISSUES PRESENTED

Father raises the following issues for review, re-stated as follows:

I. Whether the trial court erred in modifying the parties' existing permanent parenting plan without hearing any evidence and without considering the relevant factors as provided by Tennessee Code Annotated Section 36-6-106.

II. Whether the trial court erred in failing to set aside the default judgment based upon mistake, inadvertence, surprise, or excusable neglect.

Mother, in the posture of Appellee, raises the following issue:

III. Whether Father's appeal is frivolous such that Mother should be awarded her attorney's fees incurred on appeal pursuant to Tennessee Code Annotated Section 27-1-122.

---

[2] Father filed this motion under Tennessee Rule of Civil Procedure 60. However, because the order was not final, the trial court treated his motion as a motion to alter or amend. *See* Tenn. R. Civ. P. 59.04.

- 4 -

In an appeal from a bench trial, we review findings of fact "*de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding[s], unless the preponderance of the evidence is otherwise." Tenn. R. Civ. P. 13(d). However, we review questions of law *de novo* with no presumption of correctness. *See Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013) (citing *Kendrick v. Shoemake*, 90 S.W.3d 566, 569 (Tenn. 2002).

## DISCUSSION

### I.  Validity of Trial Court's Default Order

Here, Father appeals the trial court's denial of his motion to set aside the default judgment that was entered against him. Father challenges the validity of the trial court's default order modifying the parties' existing permanent parenting plan and increasing his child support obligation based, in part, on the trial court's failure to hold an evidentiary hearing or consider any proof relevant to the child's best interest. According to Father, the lack of specific findings on these matters provides the basis for vacating the modification order. The propriety of a trial court's denial of a request to set aside a default judgment depends, in part, on whether the default judgment was properly entered in the first place. *See H.G. Hill Realty Co., L.L.C. v. Re/Max Carriage House, Inc.*, 428 S.W.3d 23, 30 (Tenn. Ct. App. 2013) (citing *Yearwood, Johnson, Stanton & Crabtree, Inc. v. Foxland Dev. Venture*, 828 S.W.2d 412, 413 (Tenn. Ct. App. 1991)). Accordingly, we first address whether Mother's allegations were sufficient to support entry of a default judgment and the specific relief granted upon entry by the trial court in this case.

Tennessee Rule of Civil Procedure 55.01 allows a litigant to move the court for a default judgment when an opposing party has failed to timely file an answer to the complaint or petition.[3] Moreover, default judgments are permitted in custody modification proceedings. *Sweatt v. Sweatt*, No. M2000-02537-COA-R3-CV, 2002 WL 31247086, at *3 (Tenn. Ct. App. Oct. 8, 2002); *Martin v. Martin*, No.

---

[3] A default judgment was previously called a judgment, *pro confesso*. Rule 55.01 states:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, judgment by default may be entered[.] [Furthermore,] [i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to make an investigation of any other matter the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when as required by any statute."

01A019002GS00064, 1990 WL 73928, at *4 (Tenn. Ct. App. Jun. 6, 1990). Generally, "the entry of a default judgment has the effect of an answer admitting the well-pleaded material allegations of fact contained in the adversary's pleadings and fair inferences therefrom." *See H.G. Hill*, 428 S.W.3d at 30 (quoting Lawrence A. Pivnick, Tennessee Circuit Court Practice, § 27.2 (2012)); *Brashears v. Hartsook*, 450 S.W.2d 7, 9 (Tenn. 1969) ("The entry of [a default judgment] simply has the effect of an [a]nswer admitting the allegations of the [complaint] to be true."). "In order to aver factual allegations sufficient to sustain default judgment, the complaint 'need not contain detailed allegations of all the facts giving rise to the claim,' but it 'must contain sufficient factual allegations to articulate a claim for relief.'" *See H.G. Hill*, 428 S.W.3d at 31 (citation omitted). Moreover, the complaint "must contain direct allegations on every material point necessary to sustain a recovery on any legal theory . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Id.* (quoting *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 427 (Tenn. 2011)). A default judgment "is in no way an admission of legal conclusions or matters of law [.]" *Brashears*, 450 S.W.2d at 41.

Here, the decision to enter a default judgment was within the trial court's discretion. However, the entry of the default only had the limited effect of converting the allegations made in Mother's complaint to admissions. Mother still had the burden of alleging facts sufficient for the court to support its legal conclusions. Thus, we turn to consider the cause of action asserted against Father and the factual allegations in Mother's complaint to support that cause of action.

In this case, Mother petitioned the court for modification of an existing parenting plan and for an increase in Father's child support obligation. In support of her petition, Mother made the following factual allegations:

1.      The parties were divorced on or about March 6th, 2009 with the Final Decree being filed on March 11th, 2009. The parties' Permanent Parenting Plan was filed on or about November 6th, 2008, and also approved by this Honorable Court on March 6th, 2009.

2.      Said Permanent Parenting Plan provided for Father to exercise 109 days per year of visitation, which included equally dividing fall vacation, winter (Christmas) visitation with Father having visitation December 25th at 2:00 p.m. until the evening before school resumes, equally dividing spring vacation, and equally dividing summer vacation.

3.      Since the entry of the Final Decree, Father has not exercised the visitation he was granted. More specifically, during the summer of 2015, Father did not keep the minor child at all, except for some weekend visitation.

4.     For the past five (5) months, Father has not exercised a consistent weekend visitation, frequently only exercising one (1) day out of every other weekend, instead of the full two (2) day visitation allotted to him for every other weekend.

5.     During 2015, he did not exercise any visitation during fall vacation, spring vacation, or the week after Christmas.

6.     Petitioner would also submit that due to the actual days' visitation exercised, child support should be reviewed to determine if there is a variance, which would support a modification.

7.     Additionally, Petitioner would aver that Respondent previously paid child support for another child of his, and no longer is ordered to pay that child support obligation.

8.     Child support in this case has not been reviewed since it was first calculated, in October of 2008.

9.     The Parenting Plan in this case also provided that uncovered medical expenses are to be divided equally between the parties. Petitioner would aver that Respondent has not paid his portion of the child's uncovered medical expenses and dental expenses.

10.    Said Parenting Plan also orders that Father provide medical insurance for the minor child. During the majority of the time since the Parenting Plan has been in place, Father has not provided medical insurance. Petitioner would also submit that she should be given the credit in any child support calculations, due to her providing medical insurance for the minor child. Respondent received a credit in the amount of $318.89 in the child support worksheets calculated in 2008.

11.    Petitioner would request from this Honorable Court any other and further relief that she may be entitled to.

Because Father suffered a default judgment, the allegations contained in Mother's complaint are considered admissions.

However, even in cases where a trial court has entered a default judgment, Tennessee Code Annotated Section 36-6-101 mandates that the trial court engage in a highly-factually-intensive, two-step analysis before modifying an existing parenting plan order. *See* Tenn. Code Ann. § 36-6-101(a)(2)(B); *Hardin v. Hardin*, No. W2012-00273-

COA-R3-CV2012, WL 6727533, at *2 (Tenn. Ct. App. Dec. 27, 2012). First, the trial court must determine whether a material change in circumstances has occurred since the entry of the existing parenting plan.[4] *See* Tenn. Code Ann. § 36-6-101(a)(2)(B); *Hardin v. Hardin*, No. W2012-00273-COA-R3-CV2012, WL 6727533, at *2 (Tenn. Ct. App. Dec. 27, 2012). This is because "existing parenting orders are considered *res judicata* on the facts as they existed at the time the most recent order was entered." *See Stricklin v. Stricklin*, 490 S.W.3d 8, 16 (Tenn. Ct. App. 2015) (citation omitted). "Because a finding of a 'material change in circumstances' must be supported by competent proof, it cannot be made unless the parties formally present that proof before the trial court." *Id.* at 18. Second, upon finding that a material change in circumstances has occurred, the trial court must determine whether modification of the existing parenting plan is in the child's best interest. *Id.* In proceeding with the second step of the analysis, the trial court must consider the proof presented by the parties in light of the factors designated by Tennessee Code Annotated Section 36-6-404(b).[5] Tenn. Code. Ann. § 36-6-106(a) ("The court shall consider all relevant factors."). "In child custody cases, the welfare and best interest of the child are the paramount concern, and the determination of the child's best interest must turn on the particular facts of each case." *Castleman v. Castleman*, No. M2000-00270-COA-R3-CV 2000, WL 1862836, at *3 (Tenn. Ct. App 2000) (*citing Akins v. Akins*, 805 S.W.2d 377, 378 (Tenn. Ct. App. 1990)). We have held previously that the statute "requires the trial court to consider all the applicable factors" and order a custody arrangement that permits both parents to enjoy the maximum participation possible in the life of the child. *See* Tenn. Code. Ann. § 36-6-106(a); *Hardin*, 2012 WL 6727533, at *2 (citation omitted). Because the circumstances of every child are unique, the trial court must engage in a particularly fact-driven analysis before determining whether modification of an existing parenting plan is in the child's best interest. *See, e.g.*, *Castleman*, 2000 WL 1862836, at *3 (citation omitted). Furthermore, "this Court has encouraged trial courts to be as precise as possible in making child custody findings in

---

[4] Tennessee Code Annotated Section 36-6-101(a)(2)(B):

> If the issue before the court is a modification of the court's prior decree pertaining to custody, the petitioner must prove by a preponderance of the evidence a material change in circumstance. A material change of circumstance does not require a showing of a substantial risk of harm to the child. A material change of circumstance may include, but is not limited to, failures to adhere to the parenting plan or an order of custody and visitation or circumstances that make the parenting plan no longer in the best interest of the child[.] In each contested case, the court shall make such a finding as to the reason and the facts that constitute the basis for the custody determination.

[5] "[I]n any [] proceeding requiring the court to make a custody determination regarding a minor child, the determination shall be made on the best interest of the child. In taking into account the child's best interest, the court shall order a custody arrangement that permits both parents to enjoy the maximum participation possible in the life of the child consistent with the factors set out in this subsection." Tenn. Code Ann. § 36-6-106.

order to facilitate meaningful appellate review." *Id*. The trial court itself must determine whether modification is in the child's best interest—delegation of the duty is not permissible. *See Stricklin*, 490 S.W.3d at 18; *Fletcher v. Fletcher*, No. M2010-01777-COA-R3-CV, 2011 WL 4447903, at *10 (Tenn. Ct. App. Sept. 26, 2011) ("We hold only that the trial judge, and the trial judge alone, has the solemn duty to determine whether a given parenting arrangement is in the best interest of a child in his charge, and that the record must reflect a sufficient basis for such a determination.").

Here, the trial court did not conduct an evidentiary hearing and accepted Mother's revised parenting plan by default. The only evidence available for the trial court to consider were Father's admissions of the allegations in Mother's complaint. As we previously stated, "the entry of default has the effect of an answer admitting the well-pleaded material allegations of fact contained in the adversary's pleading and fair inferences therefrom." *See H.G. Hill*, 428 S.W.3d at 34 (citation omitted). Accordingly, the question in this case is whether Mother's complaint avers facts sufficient to form a basis for the trial court to conclude that: (1) a material change in circumstances occurred thereby providing grounds for modification of the parties' existing parenting plan; (2) modification would be in the best interest of the child taking into account each of the statutorily required factors; and (3) the parties' relative incomes support modification of their child support obligations.

Father attacks the legal sufficiency of the aforementioned allegations/admissions to support the relief awarded by the trial court. Even while taking the allegations in Mother's complaint as true, we are unable to conclude that the pleadings alone aver sufficient facts to support the trial court's modification of the existing parenting plan order and Father's child support obligation in this case. Moreover, the trial court's order fails to make specific findings mandated by Tennessee Code Annotated Section 36-6-106.

As set out above, the trial court's order contains no findings to support the conclusion that there was a material change in circumstances or that modification of the custody plan was in the best interest of the child. Indeed, the default order does not indicate that the trial court considered any of the factors required by Tennessee Code Annotated Section 36-6-106. In making what is a particularly fact-driven determination, the trial court heard no testimony, considered only Father's limited admissions, and made no findings of fact. *See, e.g.*, *Castleman*, 2000 WL 1862836 at *3. As we have stated previously, "[t]his omission is in clear contravention of the court's duty to make findings of fact and conclusions of law pursuant to Rule 52.01, as well as its duty to consider all applicable factors when making a best interest determination." *See Hardin*, 2012 WL 6727533, at *2 (citation omitted).

Similarly, the trial court heard no proof concerning the parties' incomes, but, nonetheless, modified Father's child support obligation based on the worksheets attached

to Mother's proposed parenting plan submitted with her complaint. However, our review of the record indicates that the child support worksheets submitted with Mother's complaint were blank. Instead of holding an evidentiary hearing, the trial court merely imputed the parties' income from March of 2009 explaining that, "[s]ince [Father] did not answer [interrogatories concerning income], the Court finds it appropriate to impute the income previously set forth in the Parenting Plan and child support worksheets approved by this Court on March 6th, 2009 . . . [Moreover], [s]ince the Court is using Father's income from the previous Order of March 6th, 2009, the Court also finds it appropriate to use Mother's income from said March 6th, 2009 Order."

This was error. The entry of default did not give the trial court *carte blanche* to stray from the averments in Mother's complaint or to consider alternative "facts" not contained in the record. Consequentially, we are unable to conclude that the evidence preponderates in support of the trial court's findings or conclusions. "We are a reviewing court." *See Jackson v. Smith*, No. W2011-00194-COA-R3-CV, 2011 WL 3963589, at *11 (Tenn. Ct. App. Sept. 9, 2011). "Without such findings [of fact] and conclusions [of law], this court is left to wonder on what basis the court reached its ultimate decision." *See Hardin*, 2012 WL 6727533, at *2 (citation omitted). In the absence of Rule 52 factual findings, we cannot ascertain the trial court's reasoning. Therefore, we vacate the trial court's order.

Moreover, as this Court has previously stated, the trial court should note that:

Events and lives have not stood still while this custody dispute has been in the courts. The trial court should remain mindful of this fact. . . [W]hen a trial court is directed to reconsider an issue on remand that includes the circumstances of children and their parents, the trial court should endeavor to ascertain and give effect to the parties' actual circumstances. In this case, the trial court's best interest[] determination should consider the circumstances as they exist as of the date of the hearing on remand.

*Stricklin*, 490 S.W.3d at 7–8 (internal citations and quotations omitted).

## II. Mother's Claim for Attorney's Fees

In her brief, Mother requests an award of attorney's fees incurred on appeal pursuant to Tennessee Code Annotated Section 27-1-122, which provides:

When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on

the judgment, and expenses incurred by the appellee as a result of the appeal.

"An appeal is deemed frivolous if it is devoid of merit or if it has no reasonable chance of success." *Wakefield v. Longmire,* 54 S.W.3d 300, 304 (Tenn. Ct. App. 2001). "Imposing a penalty for a frivolous appeal is a remedy which is to be used only in obvious cases of frivolity and should not be asserted lightly or granted unless clearly applicable, which is rare." *Henderson v. SAIA, Inc.,* 318 S.W.3d 328, 342 (Tenn. 2010). In this case, Father is the prevailing party on appeal. Accordingly, his appeal was not frivolous. Mother's request for attorney's fees is, therefore, respectfully denied.

## CONCLUSION

The judgment of the trial court is vacated, and this case is remanded to the trial court for further proceedings as may be necessary and are consistent with this Opinion. Costs are assessed against Appellee, Heather Kailoni Lawson, for which execution may issue if necessary.

_____
ARNOLD B. GOLDIN, JUDGE

- 11 -