WOODBURY *v.* SWAN *and* WEBSTER.

Where land is conveyed in terms subject to a mortgage, the grantee does not undertake or become bound, by the mere acceptance of the deed, to pay the mortgage debt.

The satisfaction of a judgment for a mortgage debt, by the levy of an execution on other property of the mortgagor than that mortgaged, is a payment of the debt, within the meaning of the rule of subrogation which keeps the mortgage on foot for the benefit of the mortgagor when justice requires it to be regarded as assigned to him and not discharged.

The appearance of a defendant in an equity suit confers jurisdiction, unless it be for the sole purpose of objecting to the authority of the court to proceed.

In Equity. The plaintiff, John Woodbury, holding the legal title to land in Salem, mortgaged it to John Stowe to secure a note of $3,000, and on the same day conveyed the premises, subject to the mortgage, to G. W. Perkins. Afterward Perkins conveyed to L. Woodbury, subject to the Stowe mortgage and to the payment of certain taxes upon the premises then due. At the same time Woodbury mortgaged the premises to Perkins (subject to the Stowe mortgage) to secure the payment of a note for $1,200. Subsequently L. Woodbury became insolvent, was adjudged a bankrupt, and absconded. The defendants had knowledge of the Stowe mortgage, and of the non-payment of the taxes. Stowe died, leaving his widow, Lucy H. Stowe, sole legatee of the $3,000 note and mortgage, and executrix of his last will. Subsequently the note and mortgage of L. Woodbury were assigned to the defendant Webster, who obtained a conditional judgment for foreclosure, entered on the premises under a writ of possession, and remained in occupation until June 6, 1876, since which time the defendant Swan has been in possession. After the conveyance by the plaintiff to Perkins, the premises were sold by a tax-collector, to discharge the taxes of 1874. The defendant Swan has become the holder of the tax title thus acquired. The bill alleges that it was the duty of Perkins, and those claiming under him, to pay the taxes as well as the debt secured by the Stowe mortgage, and that the sale for taxes was fraudulent on the part of the defendants, and was procured without notice to the plaintiff, for the purpose of defrauding him. These allegations were denied by the defendants, who asserted that the plaintiff had notice and knowledge of the sale, which, they say, was in all respects legal and effectual, and that it was the plaintiff's duty to pay the taxes, and he cannot claim repayment from them.

In September, 1876, Mrs. Stowe recovered judgment against the plaintiff upon the $3,000 note, and levied her execution upon his real estate in Methuen, Mass., and the defendant Swan became the purchaser thereof, at a sheriff's sale, for $3,500. By this sale, and a tender in court of $237, which was accepted by Mrs. Stowe, the plaintiff has discharged the $3,000 note and mortgage, and he has also paid taxes on the Salem land to the amount of about $100.

The prayer of the bill is, that Swan's tax title be declared void as against the plaintiff; that the defendants be ordered to pay the plaintiff $3,737, with interest, being the amount which he has paid, through

the sale of his Methuen property and the tender in court in discharge of Mrs. Stowe's judgment. and $100 paid by the plaintiff in discharge of taxes; or that it be decreed that he shall hold the premises by force of the Stowe mortgage, freed from the subsequent claims of the defendants, and for general relief.

The bill alleges that when the plaintiff conveyed to Perkins, the latter agreed to assume and pay the Stowe mortgage as a part of the consideration for the conveyance. This allegation was denied by the defendants, who claimed that there was no consideration for the sale; that L. Woodbury was all the time the equitable owner of the premises, the nominal title being placed in the plaintiff to protect the property from L. Woodbury's creditors; and that the conveyance through Perkins to L. Woodbury wrought no change in the title, in equity. This claim of the defendants was denied by the plaintiff's replication, and was not sustained by any evidence.

The answer of the defendants contained a general denial of "all such allegations in the bill as are not expressly admitted."

The defendants severally demurred, alleging as grounds (1) that the plaintiff has a perfect remedy at law against Perkins; (2) that the agreements do not charge the land with any trust; (3) that Lucy H. Stowe is not made a party; and (4) that the court is without jurisdiction of the cause and the parties.

*Hatch* and *Bartlett*, for the plaintiff.

*Bell*, for Swan.

*Knox*, for Webster.

FOSTER, J.  All facts well alleged in the bill, and not denied or explained in the answers, will be held to be admitted. 8th Rule in Chancery.

The answer contains a denial sufficiently specific to put the plaintiff upon proof that Perkins assumed the Stowe mortgage, if such proof is required; that is to say, if the assumption of the mortgage is not a legal incident to the purchase of the equity, and, consequently, a charge upon the estate, which it was the duty of Perkins and his grantees to assume and provide for. But the plaintiff's position, that the acceptance of a grant of land subject to a mortgage charges the grantee with the legal duty to discharge the incumbrance, cannot be sustained. Where land is conveyed in terms subject to a mortgage, the grantee does not undertake or become bound, by the mere acceptance of the deed, to pay the mortgage debt. In the absence of other evidence, the deed shows that he merely purchased the equity of redemption. *Strong* v. *Converse*, 8 Allen 557; *Drury* v. *Tremont Improvement Company*, 13 Allen 168; *Fiske* v. *Tolman*, 124 Mass. 254. But if a grantee take a deed containing a stipulation that the land is subject to a mortgage, which the grantee assumes or agrees to

pay, a duty is imposed on him by the acceptance; and the law implies a promise to perform it, on which promise, in case of failure, assumpsit will lie. *Pike* v. *Brown*, 7 Cush. 133; *Braman* v. *Dowse*, 12 Cush. 227; *Jewett* v. *Draper*, 6 Allen 434; *Furnas* v. *Durgin*, 119 Mass. 500; *Trotter* v. *Hughes*, 12 N. Y. 74; *Belmont* v. *Coman*, 22 N. Y. 438. The cases above cited are not in conflict with *Hancock* v. *Carlton*, 6 Gray 39, and *Taylor* v. *Preston*, 79 Pa. St. 436, to which our attention has been called by the plaintiff, being marked by the important and essential distinction, that in the two latter cases, but not in the former, the grantee's obligation to pay an existing incumbrance was plainly expressed and assumed as a part of the consideration.

But although the plaintiff has not shown that any legal or equitable duty to discharge the Stowe mortgage was imposed upon Perkins, either by contract or inference, he is not therefore to be deprived of an interest in the Salem property by force of the foreclosure of the mortgage of L. Woodbury to Perkins. Mrs. Stowe's claim upon that property having been satisfied by the sale of other estate of the plaintiff, he is entitled, for the purpose of effecting substantial justice, to be subrogated to the position and treated as the assignee of the Stowe mortgage. And it is of no consequence whether the mortgage may have been in fact cancelled and the debt discharged by the levy of Mrs. Stowe's execution. The debt and incumbrance may still be regarded, in equity, as a subsisting lien in favor of the plaintiff, as against the foreclosure of the Perkins mortgage.

The satisfaction of a judgment for a mortgage debt, by the levy of an execution on other property of the mortgagor than that mortgaged, is a payment of the debt, within the meaning of the rule of subrogation, which keeps the mortgage on foot for the benefit of the mortgagor, when justice requires it to be regarded as assigned to him and not discharged. *Robinson* v. *Leavitt*, 7 N. H. 73, 100–112; *Rigney* v. *Lovejoy*, 13 N. H. 247, 252; *Heath* v. *West*, 26 N. H. 191, 201; *Bell* v. *Woodward*, 34 N. H. 90.

The application of the principle to the present case is made upon the assumption, of course, that the defendants have not maintained, by any proof, the averments of their answers, to the effect that the plaintiff never had any real interest in the Salem property,—averments denied by the plaintiff in his replication, and which, until supported by evidence, must be disregarded. Story Eq Jur., *s.* 1529; *Busby* v *Littlefield*, 33 N. H. 76, 85.

The appearance of the defendants confers jurisdiction, except where it is expressed to be for the sole purpose of objecting to the authority of the court to proceed. *March* v. *Eastern Railroad Company*, 40 N. H. 583; *Merrill* v. *Houghton*, 51 N. H. 61.

From what has been already said, it is apparent that the Salem land is chargeable with a trust; that is to say, the court will not permit the defendants to hold the land unless they comply with the conditions charged as annexed to the conveyance, or indemnify the plaintiff on account of his satisfaction of the Stowe mortgage.

Whether or not the plaintiff might have a partial remedy by means of a real action against Swan, there is abundant matter in the case for the proper consideration of a court of equity. The jurisdiction of a court of equity to remove a cloud from the title to real estate has been long established. *Downing* v. *Wherrin*, 19 N. H. 9, 92; *Brooks* v. *Howland*, 58 N. H. 98.

There is no reason why Mrs. Stowe should be made a party to these proceedings. Her interests will not be affected by any decree that may be made.

The demurrer is overruled, and the

*Case discharged.*

BINGHAM, J., did not sit.