### BISHOP *v.* THE SILVER LAKE MINING CO.

The defendants' objection, that the action is not brought in the county of
their residence, is waived by a general appearance and a plea to the
merits made before the objection is taken.

The objection of want of jurisdiction can be taken advantage of only by a
plea in abatement.

A declaration in assumpsit may be amended, before verdict, by the addition or substitution of a count in debt, when the amendment is made to conform to the evidence, and the character of the evidence is not changed nor the verdict affected by it.

ASSUMPSIT, for money paid. At the commencement of the suit, the plaintiff was and now is a citizen of Massachusetts. The defendants are a corporation established by the laws of New York, own a mine, and have a place of business in Carroll county, and no place of business, servant, or office elsewhere in this state. The money sued for was furnished by the plaintiff to the defendants, under a contract between them in writing, under seal, and for the purpose of operating the mine. Where the contract was made did not appear. The defendants appeared, and the cause was tried on the merits upon the plea of the general issue, with a verdict for the plaintiff. At the close of the evidence, the defendants' motion to dismiss the action for want of jurisdiction was denied, and the plaintiff's motion for leave to file a declaration in debt was granted. The defendants excepted.

*J. H. Hobbs*, for the defendants.

*C. Page*, for the plaintiff.

ALLEN, J. Neither party being an inhabitant of this state, the action might be brought in any county (G. L., *c.* 220, *s.* 1), and was properly brought in this county. If, because the defendants, though citizens of another state, had their principal place of business in Carroll county, and might, for the purposes of the suit, be considered residents of that county, the objection that the suit was not brought there was waived by a general appearance and a trial of the merits. *March* v. *Railroad*, 40 N. H. 583; *Robinson* v. *Potter*, 43 N. H. 191; *Woodbury* v. *Swan*, 58 N. H. 380. Advantage could be taken of the defect of want of jurisdiction only by plea in abatement seasonably made. *Insurance Co.* v. *Prescott*, 38 N. H. 398, 399; *Society* v. *Varney*, 54 N. H. 376. The amendment, allowing a declaration in debt to be filed, might be made (*Stebbins* v. *Ins. Co.*, 59 N. H. 143), and it not being such as to change the character of the evidence, but, rather, to conform to it, nor to affect the verdict of the jury, was properly allowed. *Whittier* v. *Varney*, 10 N. H. 291; *Jaquith* v. *Putney*, 48 N. H. 138, 141; *Roulo* v. *Valcour*, 58 N. H. 347. Exceptions overruled, and

*Judgment on the verdict.*

CARPENTER, J., did not sit: the others concurred.