Merrimack District Court
No. 86-078

## ARTHUR E. HUDSON

v.

## CHARLES MUSOR

December 8, 1986

*Arthur E. Hudson,* by brief, *pro se.*

*Sulloway, Hollis & Soden,* of Concord (*James E. Owers* on the brief), by brief for the defendant.

JOHNSON, J.   The defendant in this appeal challenges the failure of the Merrimack District Court (*Morrill,* J.) to grant his motion to set aside a default judgment granted to the plaintiff, arguing that he was not given notice of the plaintiff's claim in accordance with the applicable statute. We find that the notice to the defendant was defective and, hence, reverse and remand the case to the district court.

On July 9, 1985, the plaintiff was in the parking lot near Bradlees Department Store in the Nashua Mall in Nashua. The plaintiff alleged, in his small claims complaint, that at approximately 9:15 a.m. "a shopping cart owned by Bradlee's rolled down the Nashua Mall parking lot into the right side front fender of a 1985 Mazda RX-7 owned by the plaintiff." The complaint named as defendants "Charles Musor, Manager, Bradllees (sic)" and "June Cassidy Mgr Nashua Mall" and gave the address of each as "Nashua Mall, Nashua, New Hampshire 03063."

The plaintiff filed a small claim complaint on October 10, 1985, and the Merrimack District Court served notice on the defendants. However, the method which the court used to serve notice violated the statute.

Pursuant to RSA chapter 503, the provisions regarding notice required to be given to defendants in small claims litigation which were in effect at the time this action was commenced read as follows:

> "The justice shall cause notice of the claim and the substance thereof to be given to the defendant, whether or not he is a resident of this state, by sending a written statement to the defendant by postpaid registered mail addressed to the defendant at his last known post office address and directing the defendant to appear at the time and place of hearing, which shall not be less than 14 days from the date said notice is mailed to the defendant. Return receipt showing that defendant has received the statement shall constitute an essential part of the service. If service cannot be effected by registered mail as aforesaid, then the court may direct that service on the defendant be completed as in all other actions at law."

RSA 503:6. The form of notice by mail was changed by Laws 1985, 182:4, effective January 1, 1986, from registered mail to certified mail. The clerk of the district court in October, 1985, sent *one* single notice of the small claim to both named defendants by *certified mail*, giving the address set forth above, despite the fact they allegedly had separate addresses.

At the time the court's notice of claim letter was delivered to the offices of Bradlees, Mr. Musor, according to his affidavit filed in connection with his motion for rehearing of his initial motion to strike default, was not at work because of knee surgery. This surgery caused him to be absent from work for approximately four weeks.

The return receipt returned to the district court had a section where a person could sign as "agent." A Mary Day signed for the certified letter as agent. There was no evidence that Mary Day was the agent for either of the named defendants, as individuals or as managers of the respective businesses named by the plaintiff. However, the defendant's motion to set aside the default judgment appears to concede that Ms. Day was employed at Bradlees.

The district court entered judgment on November 27, 1985, against both defendants in the amount of $485 plus costs. Mr. Musor, by affidavit, claimed he learned of the judgment for the first

time when he received the court's Notice of Decision. Both defendants, through Musor's present counsel, moved to set aside the default judgment and for leave of court to file a late appearance. The defendants' motion was denied, and on February 14, 1986, Musor's counsel withdrew representation of Ms. Cassidy but continued to represent Musor. At the time when Musor's counsel also represented Cassidy, he referred to her as "Cassidy" in all court documents. In his brief, counsel now alleges that Cassidy's real name is "Casserly."

Coincident with his withdrawal as counsel for "Cassidy," counsel filed a motion, on behalf of Musor only, for rehearing, to strike default, and for leave to file a late appearance. That motion was denied, except as to the right to file an appearance, and this appeal, by Musor only, followed.

■■ The decision to strike a default is ordinarily within the trial court's discretion, *Brodowski v. Supowitz*, 122 N.H. 694, 448 A.2d 430 (1982), and will not be disturbed absent abuse of discretion or error as a matter of law, *Sununu v. Clamshell Alliance*, 122 N.H. 668, 448 A.2d 431 (1982). However, where there has been clear lack of proper service upon a party, this court will set aside a judgment.

In this case the named defendants did not sign the return receipt, and hence, the requirement of RSA 503:6 that "[r]eturn receipt showing that *defendant* has received the statement shall constitute an essential part of the service" was lacking (emphasis added). Neither Musor nor "Cassidy" signed the receipt, and no evidence was presented that Ms. Day was empowered to act as agent for either defendant to accept a notice of a small claim complaint.

■ The judgment below is vacated, and the case is remanded to the district court.

*Judgment vacated; remanded.*

All concurred.