Hillsborough
No. 90-218

JACQUELINE LACHAPELLE

v.

TOWN OF GOFFSTOWN

July 24, 1991

*Sakellarios & Associates,* of Manchester *(Jean-Claude Sakellarios* on the brief and orally), for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Chiesa,* of Manchester *(Marc R. Scheer* and *Michael R. Mortimer* on the brief, and *Mr. Scheer* orally), for the defendant.

## MEMORANDUM OPINION

BATCHELDER, J. The defendant, the Town of Goffstown (the Town), appeals the decision of the Superior Court *(Barry,* J.) denying its motion for late entry of appearance and its motion to strike default. The Town argues that service of process in the underlying suit was defective, because it did not fulfill the statutory requirements of RSA 510:10 (Supp. 1990), that the superior court did not obtain jurisdiction over the Town because service was defective, and that "justice and equity" require reversal of the trial court's decision. We reverse and remand.

The plaintiff, Jacqueline Lachapelle, was the owner of real estate on Wallace Road in Goffstown, where her son, Brett Lachapelle, was a tenant. Pursuant to a search warrant, agents of the Town entered the property to seize certain items which the Town asserted were illegally possessed by her son. During the course of removing and later returning the items, vehicles operated by the Town's agents struck her house, damaged a stone wall, and drove over her septic system. The plaintiff subsequently filed suit against the Town, alleging that it was responsible for this damage. The writ was served on the town clerk and on the administrative assistant to the selectmen. Although the Town obtained counsel and was proceeding to defend a companion suit filed by Brett Lachapelle, arising from the same events, it never filed an appearance in the Jacqueline Lachapelle suit. Consequently, the plaintiff, through an employee of her counsel's law firm who was not a member of the New Hampshire bar, wrote to the clerk of the superior court, requesting that the court enter a default judgment against the Town in the Jacqueline Lachapelle suit. When the Town received notice of the impending default judgment from the superior court, it filed a motion for late entry of appearance and a motion to strike default. Both motions were denied by the trial court, and this appeal followed.

■ The standard of review is well settled. "The decision to strike a default is within the trial court's discretion and will not be disturbed unless the court clearly abused its discretion or erred as a matter of law." *Sununu v. Clamshell Alliance*, 122 N.H. 668, 673, 448 A.2d 431, 434 (1982).

■ ■ RSA 510:10 (Supp. 1990) requires that writs against a Town must be served "upon *one of the selectmen* and the town clerk." (Emphasis added.) This language is plain and requires strict compliance. The writ in this case was served on the town clerk and the administrative assistant to the selectmen. Although the plaintiff argues that agency theory, "convenience," and the similarity between a municipality and a corporation all support the conclusion that the administrative assistant to the selectmen is a proper party to accept service for one of the selectmen, we do not agree. The administrative assistant to the selectmen is *not* "one of the selectmen." We decline to accept the plaintiff's invitation to redraft the statute to allow any alternative method of service. *See Ellis v. Royal Ins. Co.*, 129 N.H. 326, 334, 530 A.2d 303, 308 (1987) (statute will not be redrafted to meet an intention not expressed in its language). This court has consistently required plaintiffs to comply with clear statutory directives

covering the procedure for effecting service of process. *Hudson v. Musor*, 128 N.H. 804, 806, 519 A.2d 319, 321 (1986); *Sununu v. Clamshell Alliance supra*. Accordingly, we hold that the trial court erred in denying the Town's motion to strike default based on the lack of proper service against the Town, and in denying the Town's motion for late entry of appearance.

■ The Town further maintains that because service of process was defective, the superior court did not obtain jurisdiction over the Town. This argument fails, however, because the Town filed a motion for late entry of appearance and a motion to strike default in the superior court and, hence, voluntarily submitted to the jurisdiction of the court. *Clark v. Bradstreet*, 99 N.H. 55, 58, 104 A.2d 739, 741 (1954).

The Town also argues that the method in which the default judgment was obtained was "manifestly unjust and unfair." We need not reach this issue, however, as the lack of proper service is dispositive of this case. *See Lake Sunapee Protective Assoc. v. N.H. Wetlands Bd.*, 133 N.H. 98, 109, 574 A.2d 1368, 1375 (1990).

*Reversed and remanded.*

All concurred.