Grafton
No. 95-004

CAROL J. BARTON

v.

KIMBERLY A. HAYES

June 6, 1996

*Law Office of David N. Cole*, of Hanover (*David N. Cole* on the brief and orally), for the plaintiff.

*Wiggin & Nourie, P.A.*, of Manchester (*William S. Orcutt* and *Michael S. Owen* on the brief, and *Mr. Owen* orally), for the defendant.

BROCK, C.J. The defendant, Kimberly A. Hayes, appeals the Superior Court (*Smith*, J.) denial of her motion to dismiss for lack of jurisdiction based on improper service of process and the court's subsequent denial of her motion to strike a default judgment. We reverse and remand.

The parties do not dispute the following facts. In 1991, the plaintiff, Carol J. Barton, and the defendant, while operating separate automobiles, were involved in an accident in Lebanon. Both the plaintiff and the defendant were then residents of New Hampshire. The plaintiff brought an action in superior court and first attempted to serve the defendant in early 1994. By that time, unbeknownst to the plaintiff, the defendant had relocated to Massachusetts. The plaintiff sought to locate the defendant after receiving the Grafton County Sheriff's *non est* return of the writ.

The plaintiff moved for entry of her writ and for alternative service under RSA 510:8 (1983). The Superior Court (*Lynn*, J.) ordered that the plaintiff's writ be entered but denied her motion for alternative service, suggesting instead that she file an equitable action against the defendant's insurance company, which, it was believed, was in possession of the defendant's address. After the plaintiff brought the equitable action, the insurance company gave her the defendant's Massachusetts address.

On May 20, 1994, defendant's counsel informed plaintiff's counsel by letter of his representation and expressed his intention to file an appearance after the plaintiff effected service of process "under the New Hampshire Long-Arm Statute." On the same day, the plaintiff asked the clerk of the superior court to issue "Orders of Notice so that we may serve the defendant . . . who, according to her insurance company, currently resides in Buzzards Bay, Massachusetts." On June 2, 1994, the clerk issued the requested orders, instructing the plaintiff to give notice to the defendant of the pending action by causing an attested copy of the writ, the order, and the return "to be given to or left at the abode of Kimberly A. Hayes at least fourteen days before [the] return day." The return day on the order was the first Tuesday of August 1994.

The defendant was served personally at her home in Massachusetts on June 24. She did not file an appearance in superior court prior to the return day. On August 31, the court issued a notice to the defendant that she was in default and that final judgment would be entered against her unless she returned a form requesting an opportunity to be heard before entry of judgment and assessment of damages. This notice had a reply date of October 3.

On September 7, the defendant entered a special appearance and moved to dismiss for lack of jurisdiction. The trial court denied this motion, ruling that the plaintiff properly invoked personal jurisdiction by serving the defendant in compliance with RSA 510:8, because no other mode of service was available and RSA 510:4, II (Supp. 1995) was inapplicable. In the same order, the trial court entered a default judgment against the defendant and awarded the full amount of damages claimed by the plaintiff, noting that the defendant had "never filed a motion to set aside the Default judgment."

The defendant subsequently moved to strike the default judgment, *see* RSA 514:2 (1974); SUPER. CT. R. 14, thereby submitting to the jurisdiction of the court, *see Lachapelle v. Town of Goffstown*, 134 N.H. 478, 480, 593 A.2d 1152, 1153 (1991). The defendant conceded liability in the motion and requested only to strike the default judgment on the issue of damages. The Superior Court (*Smith*, J.) denied the motion after the instant appeal had been docketed.

We consider the defendant's personal jurisdiction argument to have been waived by her general appearance moving to strike the default judgment. *See Lachapelle*, 134 N.H. at 480, 593 A.2d at 1153; *Beggs v. Reading Company*, 103 N.H. 156, 158, 167 A.2d 61, 62–63 (1961). Accordingly, our only remaining task is to determine whether justice requires the default judgment against her be stricken. *See* SUPER. CT. R. 14; *Lachapelle*, 134 N.H. at 480, 593 A.2d at 1153. We review the trial court's denial of the defendant's motion to strike default under the abuse of discretion standard, and we will reverse the denial only if the court abused its discretion or erred as a matter of law. *Carroll Cty. Elderly Housing Assoc's v. Merrimac Tile Co.*, 127 N.H. 538, 539, 503 A.2d 817, 818 (1985). We conclude that the trial court erred as a matter of law.

■■ When the trial court notified the defendant that she was in default, it correctly informed her of her right to a hearing before damages would be assessed against her. *See Morriss v. Towle Hill Associates*, 138 N.H. 452, 455, 641 A.2d 1015, 1017–18 (1994). When it denied her motion to dismiss for lack of personal jurisdiction, the

trial court entered judgment on damages without such a hearing on the basis that the defendant had not moved to strike the default or moved for a hearing on damages. Making either of these motions, however, would have waived the defendant's jurisdictional argument when she was still entitled to appeal on this issue. *See Morel v. Marable*, 120 N.H. 192, 193–94, 412 A.2d 747, 748 (1980); *Brodowski v. Supowitz*, 122 N.H. 694, 696, 448 A.2d 430, 431 (1982). "The issue of jurisdiction is not only separate but also preliminary, and reasonable procedure demands that it be finally decided before other issues of the litigation are reached." *Morel*, 120 N.H. at 193–94, 412 A.2d at 748 (quotation omitted). Under the facts of this case, we conclude that the defendant should have been permitted to challenge fully the superior court's jurisdiction over her before losing her right to a hearing on damages. Accordingly, it was error for the court to deny the defendant's motion to strike the default judgment once she chose to appear generally to make such a motion.

The defendant has conceded liability for the plaintiff's injuries, and she has moved to strike the default judgment against her on the issue of damages only. Because it was error for the trial court to enter the damages judgment without affording the defendant the opportunity for a hearing, we reverse and remand for a trial on damages only.

*Reversed and remanded.*

All concurred.