S.M.W.  Seiko v. Howard Concrete       CV-01-183-JM  10/18/01  P

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**

S.M.W. Seiko, Inc.

   v.                                     Civil No. 01-183-JM
                                        Opinion No. 2001 DNH 190
Howard Concrete Pumping Co., Inc.


**O R D E R**

Before the court for consideration is the defendant's motion to dismiss for lack of personal jurisdiction, improper venue and insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(2), (3) & (5), or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a).  For the reasons set forth below, the defendant's motion (document no. 6) is denied in its entirety.

Background

Plaintiff S.M.W. Seiko, Inc. ("Seiko") is a California corporation with offices located throughout the United States, including New Hampshire.  Defendant Howard Concrete Pumping Co., Inc. ("Howard") is a Pennsylvania corporation with a principal place of business in Pennsylvania.  In June 2000, Seiko and Howard entered into an agreement ("Agreement") whereby Seiko agreed to lease to Howard certain equipment for use on a

construction project in Pennsylvania. Paragraph 19 of the Agreement, which is entitled "Venue and Applicable Law," states that "[t]his agreement and all actions arising here from shall be governed by the laws and venues in the State of New Hampshire." See Document no. 8, Exhibit 2.A.[1]

Following the parties' execution of the Agreement, Howard arranged to have the equipment shipped from Seiko's Merrimack, New Hampshire facility to Pennsylvania for use at the project site. After completion of the project, Howard arranged to have the equipment returned to Seiko's New Hampshire facility, where it is currently stored.

In April 2001, Seiko brought suit against Howard in New Hampshire Superior Court seeking recovery for damage that allegedly occurred to the equipment while it was in Howard's possession. Pursuant to New Hampshire's long-arm statute, N.H. Rev. Stat. Ann. § 510:4, Seiko served Howard with a Writ of Summons by leaving a copy of the Writ with the Secretary of State.

On May 18, 2001, counsel for Howard filed a general

_____

[1]A draft of the Agreement reveals that Howard had initially proposed that the Agreement and all actions arising therefrom be governed by the "laws and venues in the State of Pennsylvania." See Document no. 8, Exhibit 2.B.

2

appearance in the Superior Court.  On that same date, Howard removed the action to this court.

Discussion

A.    Personal Jurisdiction

Howard moves to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).[2]  "When the court's jurisdiction is contested, the plaintiff has the burden of proving that jurisdiction exists."  Kowalski v. Doherty, Wallace, Pillsbury & Murphy, 787 F.2d 7, 8 (1st Cir. 1986).  See also Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995).  Where, as here, "there has been no evidentiary hearing and the court proceeds upon written submissions, plaintiff 'need only make a prima facie showing that jurisdiction exists'."  Kowalski, 787 F.2d at 8(quoting 2A J. Moore & J. Lucas, Moore's Federal Practice ¶ 12.07[2.-2](2d ed. 1985)).  In determining whether a prima facie showing has been made, the court does not act as

---

[2]Like Howard's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), Howard's motion to dismiss for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(4) is based upon Howard's assertion that it is not subject to personal jurisdiction in New Hampshire.  Specifically, Howard argues that New Hampshire's long-arm statute only allows service of process upon persons who are subject to personal jurisdiction in the state.  Because New Hampshire courts do not have jurisdiction over it, Howard argues, Seiko failed to effect service of process upon Howard under the long-arm statute.

3

factfinder, but accepts the plaintiff's properly supported proffers of evidence as true. <u>Boit v. Gar-Tec Products, Inc.</u>, 967 F.2d 671, 675 (1st Cir. 1992).

It is unnecessary to evaluate whether Howard has sufficient contacts with the State of New Hampshire to satisfy the state's long-arm statute and the Fourteenth Amendment's Due Process clause. Here, as Seiko argues, Howard waived its right to contest personal jurisdiction when it filed a general appearance in state court.

In New Hampshire, a defendant who files a general appearance waives all objections to personal jurisdiction.[3] R. Wiebusch, 4 N.H. Prac. Series, Civ. Prac. & Proc. § 15.11 (2d ed. 1997)(citing <u>Woodbury v. Swan</u>, 58 N.H. 380 (1878)). <u>See</u> <u>also</u> <u>Barton v. Hayes</u>, 141 N.H. 118, 120 (1996)(personal jurisdiction argument waived by defendant's general appearance moving to strike default judgment); <u>LaChapelle v. Town of Goffstown</u>, 134 N.H. 478, 480 (1991)(by moving for late entry of appearance and

---

[3]In New Hampshire, a general appearance waives not only all objections to personal jurisdiction, but also all objections to jurisdiction over the property involved in the case, defects in venue, deficiencies in the form of the initial pleading, defects in service or notice, improper entry of the writ or other process, and misnomer. R. Wiebusch, 4 N.H. Prac. Series, Civ. Prac. & Proc. § 15.11 (2d ed. 1997).

to strike default, defendant submitted to jurisdiction); Brodowski v. Supowitz, 122 N.H. 694, 696 (1982)(defendant submitted to jurisdiction of the court by moving to file a general appearance). By filing a general appearance in New Hampshire Superior Court, therefore, Howard submitted to the jurisdiction of that court.

After removal, the federal court takes up the case where the state court left off. Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 436 (1974)(citation omitted). Upon removal, therefore, "a defendant may assert any defense that would have been available to him in state court and which has not been lost through the operation of either Fed. R. Civ. P. 12(g) or 12(h)."[4] Nationwide Eng'g & Control Sys., Inc. v. Thomas, 837 F.2d 345, 348 (8th Cir. 1988). Where a defendant has waived his right under state law to contest jurisdiction, he is barred from asserting a defense of personal jurisdiction in federal court. Id. See also Hakemy v. Jackson, 2001 WL 492378 *1-2 (N.D. Tex. May 4, 2001)(following Nationwide Eng'g in holding that a defendant who waives the defense of personal jurisdiction in

---

[4]Fed. R. Civ. P. 12(g) concerns the consolidation of defenses in a motion made pursuant to Rule 12. Fed. R. Civ. P. 12(h) concerns the waiver or preservation of certain defenses.

5

state court cannot assert the defense following removal to federal court); Haedike v. Kodiak Research, Ltd., 814 F. Supp. 679, 681-82 (N.D. Ill. 1993)(same); Delloma v. Consol. Coal Co., 1992 WL 510617 *1-2 (S.D. Ill. April 3, 1992)(defendant who generally appeared in state court on the same date that he filed a petition for removal to federal court was precluded from challenging personal jurisdiction). Accordingly, Howard's motion to dismiss for lack of personal jurisdiction and for insufficient service of process is denied.

B.    Venue

Howard's venue challenge is equally unavailing. Contrary to the parties' assertions, 28 U.S.C. § 1391 is inapplicable to this matter because it is a removed action. See Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665 (1953); Lambert v. Kysar, 983 F.2d 1110, 1113 n.2 (1st Cir. 1993). Instead, the venue of removed actions is governed by 28 U.S.C. § 1441(a), which provides that the proper venue is "the district court of the United States for the district and division embracing the place where such action is pending." Polizzi, 345 U.S. at 665. Given that Howard removed this case to the district court of the United States where the action was pending, venue properly lies with

6

this court. See id. at 666; Sweeney v. Resolution Trust Corp., 16 F.3d 1, 4 (1st Cir. 1994), cert. denied 513 U.S. 914 (1994).

C.    Transfer of Venue

Having rejected Howard's personal jurisdiction and venue arguments, I turn to Howard's request for a transfer of venue to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This provision "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness'." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)(quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). The burden of demonstrating that transfer is appropriate "rests with the party seeking transfer; there is a strong presumption in favor of the plaintiff's choice of forum." Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000).

The convenience of the parties and witnesses and the availability of evidence are factors to be considered in

7

resolving a motion under 28 U.S.C. § 1404(a).  <u>Id.</u>; <u>Cianbro Corp.</u>

<u>v. Curran-Lavoie, Inc.</u>, 814 F.2d 7, 11 (1st Cir. 1987).[5]  In

addition, where the parties have entered into an agreement

containing a forum selection clause, the parties' written

expression of their venue preferences "will be a significant

factor that figures centrally in the district court's calculus."

<u>Stewart Org.</u>, 487 U.S. at 29.

In support of its motion for transfer, Howard argues that

the plaintiff's choice of forum should not weigh heavily in the

court's analysis because New Hampshire is not Seiko's home state

and because the Agreement was negotiated and finalized by

employees in Seiko's Boston, Massachusetts office rather than in

its New Hampshire office.  Howard also argues that "virtually

every witness," including non-party witnesses who could not be

compelled to testify in person at trial in this court, resides in

---

[5]Howard asserts that the factors to be considered in deciding a motion to transfer venue are the factors set forth in <u>Royal Bed & Spring Co., Inc. v. Famossul Industria E Comercio de Moveis Ltda.</u>, 906 F.2d 45 (1st Cir. 1990).  That case involved an appeal of a dismissal based on the doctrine of *forum non conveniens*, and did not involve a motion pursuant to 28 U.S.C. § 1404(a).  Since the enactment of § 1404(a), *forum non conveniens* has been applied only where the alternative forum is abroad.  <u>See</u> <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 722 (1996).  Accordingly, the doctrine is not applicable to this case.

Pennsylvania. Howard further asserts that the project site is located in Pennsylvania, that Seiko's only contact with New Hampshire consists of a small equipment yard, and that the Western District of Pennsylvania has a far greater interest in the controversy than does New Hampshire. Finally, Howard makes the novel argument that its motion to transfer should be granted because Seiko has filed a substantially similar action against Howard in Pennsylvania state court, and Howard intends to remove that case to the Western District of Pennsylvania. Accordingly, Howard contends, transferring this case to Pennsylvania will serve the interests of efficiency, convenience and justice by enabling it to be consolidated with what is now the state court case.

I find that Howard has not met its substantial burden of showing that a transfer of venue is appropriate. Although Seiko is a California corporation, its choice of forum is entitled to substantial weight. See Coady, 223 F.3d at 11. Moreover, Seiko has shown that it managed billing, handled questions, generated and received correspondence, and provided customer service relating to the Agreement from its New Hampshire office. Seiko also has shown that the equipment that is the subject of the

9

dispute came from Seiko's New Hampshire facility and remains in New Hampshire today. It appears, therefore, that relevant documentary and physical evidence are located in New Hampshire. Although Howard has presented evidence indicating that a Pennsylvania forum would be more convenient for most of the witnesses, at least one of Seiko's critical witnesses is located in New Hampshire and other Seiko witnesses are located in neighboring Massachusetts. Viewed in its entirety, the evidence indicates that New Hampshire has an interest in litigating the case and provides a convenient forum for resolving the dispute.

Even more significant is the fact that the parties selected New Hampshire as the appropriate venue in which to resolve disputes under the Agreement by agreeing that "all actions arising here from shall be governed by the laws and venues in the State of New Hampshire." While not dispositive of the defendant's motion, see Stewart Org., 487 U.S. at 31, the parties' Agreement weighs heavily in favor of the plaintiff's choice of forum.[6] The evidence shows that the final Agreement was the result of arms-length negotiations between Seiko and

---

[6]Although Howard asserts that it never intended to select New Hampshire as a forum for litigating disputes between the parties, the Agreement indicates otherwise.

Howard.  Furthermore, nothing in the record suggests that Howard suffered from unequal bargaining power in the negotiation and consummation of the Agreement.  When viewed in combination with the other relevant factors, the parties' choice of venue provision defeats the defendant's arguments in favor of transfer.

Finally, Howard's argument that the case should be transferred to the Western District of Pennsylvania for possible consolidation with Seiko's state court case against Howard is unpersuasive.  Howard has cited numerous cases illustrating the appropriateness and value of transferring a case to another judicial district where a similar or related case is pending.  However, there is no evidence that any such case is pending in the proposed transferee forum.  The record indicates only that Howard intends to remove Seiko's Pennsylvania state court case to the Western District of Pennsylvania.  Based on this record, the likelihood of future consolidation remains entirely speculative.

Even if Howard had removed the state court case to the Western District of Pennsylvania, this court would not be inclined to grant Howard's motion to transfer venue.  "Where identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial

11

resources, the first filed action is generally preferred in a choice-of-venue decision." <u>Cianbro</u>, 814 F.2d at 11. Because this is the first filed action, New Hampshire would remain the preferred venue.

Conclusion

The defendant's motion to dismiss the plaintiff's complaint for lack of jurisdiction, lack of venue and insufficient service of process (document no. 6) is denied. The defendant's motion in the alternative, to transfer venue to the Western District of Pennsylvania (document no. 6), is also denied.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: October 18, 2001

cc:  Richard C. Gagliuso, Esq.
     David W. Rayment, Esq.