Merrimack
No. 2004-389

OBISPO BRITO *& a.*

v.

JAMES RYAN

Argued: November 30, 2004
Opinion Issued: January 6, 2005

*Phillips Law Office, P.L.L.C.,* of Concord (*Roger B. Phillips* on the brief and orally), for the plaintiffs.

*James Ryan,* by brief and orally, *pro se.*

BRODERICK, C.J. The defendant, James Ryan, appeals an order of the Superior Court (*Fitzgerald,* J.) granting a petition for entry of foreign judgment filed by the plaintiffs, Obispo and Leslie Brito, and denying his petition to vacate or stay the judgment. We vacate and remand.

The following facts are uncontested. Obispo Brito was injured while playing minor league professional baseball for the Yuma Bullfrogs, which was owned by the Valley Vipers Professional Baseball Club, LLC (Vipers), doing business as the Yuma Bullfrogs Baseball Club (YBBC). At the time Brito was injured, the defendant, a resident of New Hampshire, owned fifty membership shares of the Vipers. To recover damages for his injuries, Brito sued the defendant individually, as well as several business entities, in the Yuma County Superior Court in the State of Arizona, alleging two counts of breach of contract and two counts of negligence. The defendant did not appear or respond to the lawsuit. None of the other defendants in the lawsuit were served.

After the defendant failed to enter an appearance, the plaintiffs twice sought a default judgment. The trial court denied the first request based upon the plaintiffs' failure to file a necessary exhibit, but granted the second request, resulting in a default judgment against the defendant for $219,000 plus taxable costs. Three months later, the plaintiffs petitioned for entry of the default judgment in the Merrimack County Superior Court. The defendant moved to vacate the judgment or, in the alternative,

to stay the judgment, asserting that the Arizona court lacked personal jurisdiction over him.

The trial court denied the defendant's motion and granted the plaintiffs' petition for entry of foreign judgment, ruling that "because the [d]efendant failed to raise the issue of personal jurisdiction in Arizona at the outset of [the] case, such defense ha[d] been waived and [was] not now available to him in [New Hampshire]." The trial court denied the defendant's motion to reconsider, and this appeal followed.

The defendant raises three arguments: (1) the trial court erred in concluding that either he needed to contest personal jurisdiction in Arizona at the outset of the lawsuit, rather than by way of collateral attack in New Hampshire, or personal jurisdiction had already been litigated in Arizona and therefore was not subject to attack; (2) the trial court misconstrued *Mosier v. Kinley*, 142 N.H. 415 (1997), and incorrectly interpreted RSA chapter 524-A, the Revised Uniform Enforcement of Foreign Judgments Act; and (3) he, individually, was not a proper defendant in the Arizona lawsuit because he was not a party to the contract between Brito and the Vipers. For their part, the plaintiffs contend that: (1) although the trial court erred in ruling that the defendant was foreclosed from challenging personal jurisdiction, its order should be upheld because the record reflects that the defendant had sufficient minimum contacts with Arizona such that the Arizona court had personal jurisdiction over him; and (2) the defendant cannot, after choosing not to appear, collaterally attack the default judgment on the basis that he, individually, was not a proper defendant to the lawsuit.

At the outset, we note that the trial court did not, as the defendant suggests, conclude that because personal jurisdiction had already been litigated in Arizona, the issue was not subject to attack in New Hampshire. The trial court specifically stated that the defendant "waived" the defense of lack of personal jurisdiction "because [he] failed to raise the issue . . . in Arizona at the outset of [the] case." Accordingly, we address the trial court's ruling that the defendant waived the defense of lack of personal jurisdiction by failing to raise the issue in Arizona.

This court will not disturb a decision denying a motion to vacate a default judgment unless the trial court erred as a matter of law or engaged in an unsustainable exercise of discretion. *Jamieson, Inc. v. Copeland Coating Co.*, 126 N.H. 101, 102 (1985); *cf. State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion).

■ ■ Generally a judgment rendered in this country by a court of competent jurisdiction is entitled under the United States Constitution to full faith and credit, that is, to both recognition and enforcement in sister States. *V & V Corp. v. American Policyholders' Ins. Co.*, 127 N.H. 372, 375 (1985); *see* U.S. CONST. art. IV, § 1; RSA 524-A:1, 2 (1997). However, this is so "if, but only if, [the rendering court] had jurisdiction [over both] the subject matter and . . . the person." *Paragon Homes, Inc. v. Gagnon*, 110 N.H. 279, 280 (1970). Where the issue of personal jurisdiction has not been litigated in the foreign court, this State may validly inquire into that court's jurisdiction. *See id.*; *V & V Corp.*, 127 N.H. at 375-79; *compare Paragon Homes*, 110 N.H. at 280 (defendants permitted to attack foreign judgment on basis of lack of personal jurisdiction where issue not previously litigated in foreign court), *and V & V Corp.*, 127 N.H. at 375-79 (same), *with Leighton v. Davis*, 119 N.H. 115, 116 (1979) (defendants estopped from litigating personal jurisdiction where counsel entered general appearance, thus submitting to jurisdiction of Maine courts; defendants would have been better served had their counsel "done nothing" in Maine). Moreover, where the party seeking to contest personal jurisdiction has not waived the issue, that party may collaterally attack the foreign court's exercise of personal jurisdiction in courts of this State. *See Estate of Lunt v. Gaylor*, 150 N.H. 96, 97-98 (2003); *Barton v. Hayes*, 141 N.H. 118, 120-21 (1996).

In ruling that the defendant had waived personal jurisdiction, the trial court relied upon our holding in *Mosier v. Kinley*, in which we stated, in relevant part:

> We hold that a defendant must seek an immediate appeal or waive the ability to later attack the trial court's ruling on personal jurisdiction. It is essential that jurisdictional issues be fully litigated before the case continues. The issue of jurisdiction is not only separate, but also preliminary, and reasonable procedure demands that it be fully decided before other issues of the litigation are reached.

*Mosier*, 142 N.H. at 423-24 (quotations and brackets omitted). The trial court's reliance, however, was misplaced.

■ In *Mosier*, we issued our holding in response to the question whether a defendant who had already challenged the trial court's personal jurisdiction must pursue an immediate appeal or be deemed to have waived the issue. *Id.* at 423. Here, the defendant did not challenge

jurisdiction in Arizona and the issue in this case does not concern an appeal from such a challenge. Rather, the defendant took no action in Arizona, apparently waiting to do so when the plaintiffs sought to enforce the judgment in New Hampshire. Thus, the trial court erred in relying on *Mosier*. Moreover, the trial court erred in concluding that the defendant waived the issue of personal jurisdiction, because there is nothing in the record indicating that the defendant submitted himself to Arizona's jurisdiction. *Compare Estate of Lunt*, 150 N.H. at 97-98 (motion to strike default judgment based solely on defective service was neither general appearance nor request addressing merits of case, and therefore no waiver of personal jurisdiction), *with Barton*, 141 N.H. at 120 (motion to strike default judgment in which defendant conceded liability but requested to strike only on issue of damages addressed merits of case and therefore constituted general appearance and waiver of personal jurisdiction).

The plaintiffs contend that, despite the trial court's error, we should nevertheless uphold its order because the record reveals that the defendant had sufficient minimum contacts with the State of Arizona for the Arizona court to assert personal jurisdiction over him. *See V & V Corp.*, 127 N.H. at 376. However, the trial court has not yet addressed this issue. Accordingly, we vacate the trial court's order and remand for further proceedings consistent with this opinion.

■ Finally, the defendant argues that he, individually, was not a proper party to the Arizona lawsuit because the contract upon which the plaintiffs sued was between Brito and the Vipers. If it is determined that Arizona did not have personal jurisdiction over the defendant, the issue of whether he, individually, was a proper party to the lawsuit is moot. If, however, it is determined that Arizona did have personal jurisdiction over the defendant, the issue becomes relevant. "The full faith and credit clause of the [United States] Constitution precludes any inquiry into the merits of the cause of action or the validity of the legal principles on which the judgment is based." *Wilson v. Shepard*, 124 N.H. 392, 396 (1983) (quotation, brackets and ellipsis omitted). Accordingly, unlike the issue of personal jurisdiction, the issue of whether he, individually, was a proper party to the Arizona lawsuit cannot be contested by way of collateral attack.

*Vacated and remanded.*

NADEAU, DALIANIS, DUGGAN and GALWAY, JJ., concurred.