# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0425, <u>Peter Boraczek v. Robert Shone</u>, the court on October 23, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The defendant, Robert Shone, appeals orders of the Circuit Court entering default in favor of the plaintiff, Peter Boraczek (<u>Zaino</u>, J.), for failure to attend the pretrial hearing on the plaintiff's small claim, <u>see Dist. Div. R.</u> 4.4(b), and denying the defendant's motion to reconsider the default (<u>Steckowych</u>, J.). We construe the defendant's brief to include his July 27, 2023 submission arguing that, because he established that he was under military orders to report for military training outside of New Hampshire at the time of the pretrial hearing, the trial court erred by denying his motion to reconsider. We agree, and reverse and remand.

District Division Rule 4.4(b) provides: "Attendance at the pre-trial hearing [in a small claim case] shall be mandatory. . . . Failure by either party to attend the pre-trial hearing shall result in a judgment in favor of the other party. . . . A default judgment shall not be stricken except upon a finding of good cause by the court." <u>Dist. Div. R.</u> 4.4(b). The "good cause" standard does not bar relief from all consequences of human neglect, and "is equivalent to what is reasonable and just." <u>In re D.O.</u>, 173 N.H. 48, 60 (2020) (quotation omitted). "In contexts other than those involving statutes of limitations, we have emphasized justice over procedural technicalities" when applying the good cause standard. <u>Anna H. Cardone Revocable Trust v. Cardone</u>, 160 N.H. 521, 525 (2010). We will not disturb the trial court's decision on a request to strike a default unless the trial court erred as a matter of law or unsustainably exercised its discretion. <u>See Brito v. Ryan</u>, 151 N.H. 635, 637 (2005).

In this case, the trial court entered default in favor of the plaintiff based upon the defendant's failure to attend the pretrial hearing on February 28, 2023. On March 1, the defendant moved to reconsider, asserting, with the express "understand[ing] that making a false statement in this pleading may subject [the defendant] to criminal penalties," <u>see Dist. Div. R.</u> 1.8(B), that on February 21, 2023, he "received last minute military orders . . . to report out of the state for military training starting February 26, 2023 through March 10, 2023." The defendant additionally submitted under seal, as "proof [of his] inability to appear on the scheduled date," a copy of his military orders, which demonstrated that on February 21, 2023, the defendant was ordered to report to a military base in another state with a duty date of February 26, 2023, and

warned that "failure to comply with this order violates UCMJ." (Capitalization omitted.) The trial court nevertheless denied the motion to reconsider without providing any reasons for denying it. Under the circumstances, we conclude that the defendant necessarily established good cause to strike the default, and that the trial court unsustainably exercised its discretion by denying his motion to reconsider. Accordingly, we reverse the denial of the defendant's motion to reconsider, and remand for further proceedings consistent with this order.

<u>Reversed and remanded</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**