**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0347, <u>Wanda Cote & a. v. Carrie Van Slette & a.</u>, the court on November 17, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiffs, Wanda Cote and Charles Cote, appeal orders of the Circuit Court (<u>Hall</u>, J.), dismissing their small claim against the defendants, Carrie Van Slette and David Van Slette, awarding default judgment of $1,500 plus costs in favor of the defendants on their counterclaim, and denying motions to strike the default. The plaintiffs argue that the trial court erred by denying plaintiff Charles Cote's two motions to strike the default based upon their failure to attend the final hearing because, they contend, they were not aware of the hearing. We affirm.

District Division Rule 4.6(c) provides that, if the plaintiff fails to appear at the scheduled trial on the merits of a small claim, "judgment shall be issued in favor of the defendant," and that if the defendant fails to appear, "judgment shall be issued in favor of the plaintiff." <u>Dist. Div. R.</u> 4.6(c). We will not disturb the trial court's decision on a request to vacate a default judgment unless the trial court erred as a matter of law or unsustainably exercised its discretion. <u>See</u> <u>Brito v. Ryan</u>, 151 N.H. 635, 637 (2005).

In this case, the record on appeal establishes that on February 6, 2023, plaintiff Charles Cote moved to continue the final hearing, scheduled to occur two days later, based on Charles Cote's illness. The Trial Court (<u>Murray</u>, J.) granted the motion on February 7, and on the same day, issued a new hearing notice scheduling the final hearing to occur on March 22, 2023. On March 20, 2023, plaintiff Charles Cote moved to continue that March 22 final hearing, asserting that plaintiff Wanda Cote's brother had passed away on the previous day, and that plaintiff Wanda Cote was "in no mental or physical condition" to attend trial later that week. The trial court granted the motion, and on March 21, issued a new hearing notice scheduling the final hearing for May 30, 2023.

The defendants appeared at the May 30 final hearing, but the plaintiffs did not appear. Accordingly, the trial court dismissed the plaintiffs' claim and awarded default judgment of $1,500 plus the filing fee of $80 to the defendants on their counterclaim. On June 5, 2023, plaintiff Charles Cote moved to strike the default judgment, asserting that the plaintiffs "were not notified of the hearing scheduled for May 30th, 2023." In denying the motion, the trial court

observed that the plaintiffs had "opened and viewed the [electronic] Notice of Hearing on March 21, 2023 at 12:53 PM." On June 17, 2023, plaintiff Charles Cote filed a second motion to strike the default, asserting that (1) plaintiff Wanda Cote was under medical care on March 21 and March 22, (2) plaintiff Wanda Cote was "sent to [another] hospital on" March 27, (3) plaintiff Wanda Cote "was under care till April 4th," and (4) neither Charles Cote nor Wanda Cote was aware of the May 30 final hearing date. The trial court denied the motion, and this appeal followed.

On these facts, we cannot conclude that the trial court erred as a matter of law or unsustainably exercised its discretion. Although the plaintiffs argue that they were "willing to provide medical documentation and affidavit," nothing in the record establishes that they in fact provided such evidence to the trial court in support of Charles Cote's two motions to strike. Moreover, even if the medical care rendered Wanda Cote incapable of understanding the March 21 hearing notice, the medical care ended on April 4, nothing in the record establishes Charles Cote's lack of capacity to understand the hearing notice, and as the trial court found, the plaintiffs "opened and viewed the Notice of Hearing on March 21, 2023 at 12:53 PM." To the extent that the plaintiffs are challenging the constitutionality of the electronic filing system or the notice they received, their argument is not sufficiently developed. See State v. Blackmer, 149 N.H. 47, 49 (2003).

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2